Amos Weatherbee's (dependent's) Case.

Suffolk.    October 14, 1918. — November 26, 1918.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Workmen's Compensation Act.    Proximate Cause.*

Upon a claim under the workmen's compensation act by the dependent widow of an employee, who collapsed and fell to the ground when he was swinging a heavy sledge hammer in breaking stones and died about five minutes later, there was conflicting evidence upon the question, whether the employee's death was due to the strain of swinging the heavy sledge hammer which caused an injury to an already weakened and diseased heart, or whether the cause of his death was a matter of speculation and conjecture.  The Industrial Accident Board found that the cause of the employee's death was conjectural and dismissed the claim.  *Held,* that the finding of the board was one of fact which could not be set aside, there having been evidence to support it.

Appeal to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board dismissing the claim to compensation of Bertha H. Weatherbee, the dependent widow of Amos Weatherbee, who died on August 5, 1916, when he was employed as a laborer by the town of North Attleborough, which had accepted the provisions of St. 1913, c. 807.

The case was heard by *Wait,* J.  The evidence reported by the Industrial Accident Board is described in the opinion.  The judge made a decree in accordance with the decision of the Industrial Accident Board, declaring that the death of the employee did not result from any injury arising out of and in the course of his employment and that the dependent widow was not entitled to compensation under the act.

The dependent widow appealed.

*H. H. Patten,* for the dependent widow.

*R. Gallagher,* for the insurer.

Crosby, J.  This is a proceeding under the workmen's compensation act.  The deceased at the time of his death was in the employ of the town of North Attleborough, as a laborer, and had charge of a stone crusher owned and operated by the town.  As a part of his duties, he was required to break stone into small

pieces with a sixteen pound sledge hammer, — the broken pieces to be put into the crusher. At the time of the alleged injury he was breaking stone with the sledge hammer; he had struck several blows and was in the act of striking another, when he collapsed and fell to the ground, dying in about five minutes without regaining consciousness.

It is the contention of the claimant that death was due to the strain of swinging the hammer causing an injury to the heart, which at that time was in a weakened condition from arterio-sclerosis. The insurer contends that upon the evidence the cause of death was a matter of conjecture. This contention was sustained by the Industrial Accident Board on review of the report filed by the arbitration committee, a majority of whom had found that the employee's death was the result of an injury which arose out of and in the course of his employment, and the widow's claim for compensation was dismissed.

The findings of the Industrial Accident Board, under the act, on all questions of fact are final and cannot be set aside if there is any evidence to support them. St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14. Whether the deceased received an injury which caused his death, and whether the injury arose out of and in the course of his employment, were questions of fact.

Upon the question whether the employee's death was due to the strain of swinging the heavy sledge hammer, thereby causing an injury to an already weakened and diseased heart, or was a matter of speculation and conjecture, the evidence was conflicting. Accordingly the finding of the board must stand. The case is governed in principle by *John T. Murphy's Case*, 230 Mass. 99, *Sanderson's Case*, 224 Mass. 558, and similar cases. See also *Grant* v. *Glasgow & South Western Railway*, 1 B. W. C. C. 17.

*Decree affirmed.*