### ALFRED J. SONIA'S CASE.

Suffolk. November 14, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Procedure: review of findings by single board member.

Upon a review by the Industrial Accident Board under St. 1911, c. 751, Part III, § 10, as amended by St. 1912, c. 571, § 13, and St. 1917, c. 297, § 6, of the findings and decision of a single board member, the board has power to reverse findings of fact of the single board member upon evidence reported by him.

Upon a review by the Industrial Accident Board of findings and a decision of a single board member that, at the time of injuries received by a claimant under the workmen's compensation act, he was an employee, the board has power to determine the question of employment as one of fact and to reverse the finding and decision of the single board member.

APPEAL under the workmen's compensation act from a decision of the Industrial Accident Board refusing compensation to Alfred J. Sonia for injuries alleged to have been received when he was in the employ of the Woodside Motor Company.

The single board member, by whom the claim was heard, found, with a report of all the evidence, that the claim should be allowed. Upon review, the full board, stating that the sole question before them was, "Whether the claimant was an employee under the act at the time of his injury," found as a fact that he was not.

In the Superior Court the case was heard by *Lawton,* J., and the decision of the Industrial Accident Board was affirmed. The claimant appealed.

*T. E. Hamill,* for the claimant, submitted a brief.

*L. C. Doyle,* for the insurer.

PIERCE, J. The Industrial Accident Board on a "claim for review," "upon all the evidence" found and ruled "that at the time the employee received the injury complained of he was not in the employ of the subscriber," reversed the findings and rulings of the member who heard the parties and their witnesses, and dismissed the claim for compensation. In the Superior Court the action of the Industrial Accident Board was affirmed, and the claimant appealed to this court from a decree of the Superior Court dismissing the employee's claim for compensation.

The claimant contends that "The board has no power, on a review, to set aside or reverse the findings and decision of the member who heard the parties and their witnesses unless such findings and rulings are clearly erroneous and have no support in the evidence." A short and conclusive answer to this argument is the provision of St. 1917, c. 297, § 6, which reads as follows: "Section 10. If a claim for a review is filed, as provided in Part III, section seven [St. 1911, c. 751, Part III, § 7] the board shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the member in whole or in part, or may refer the matter back to the member for further findings of fact, and shall file its decision with the records of the proceedings and notify the parties thereof. No party shall as a matter of right be entitled to a second hearing upon any question of fact."

The claimant also contends that "The ruling of law made by the board 'that at the time the employee received the injury he was not in the employ of the subscriber' and therefore 'claim for compensation is dismissed' is erroneous." The argument in support of this last contention is based upon the assumption that as a matter of law the board on review did not have authority to determine the question at issue as one of fact upon all the material evidence, but was limited to rulings of law upon the findings and rulings of the member, which findings and rulings must stand unless they "are clearly erroneous and have no support in the

evidence." That the board, upon the same evidence, has full power to find facts at variance with and contrary to those found by the member, is settled by St. 1911, c. 751, Part III, § 10, as amended by St. 1912, c. 571, § 13, and St. 1917, c. 297, § 6, quoted above. As a question of fact the claimant does not argue that there was not sufficient evidence to support the finding of the board. The board could well have come to the conclusion of fact arrived at by the member, but on the other hand the evidence is ample to support its finding "that at the time the employee received the injury complained of he was not in the employ of the subscriber."

*Decree affirmed.*