### ANTONIO FRIZZI'S CASE.

Suffolk.    November 9, 1920. — March 1, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act,* Jurisdiction of Industrial Accident Board.    *Jurisdiction.*

The Industrial Accident Board, after weekly payments of compensation to an injured employee had been discontinued on October 15 of a certain year with the approval of the board but without an adjudication by the board that all incapacity had ceased, has jurisdiction under St. 1911, c. 751, Part III, § 12, as amended by Sts. 1914, c. 708, § 11; 1917, c. 297, § 8, to review the question of weekly payments and to decide, upon evidence warranting the finding, that total incapacity ceased on December 3, instead of on October 15, and that compensation should be paid to the employee until that date; and, upon certification of the decision to the Superior Court under § 11 of the act as amended by Sts. 1912, c. 571, § 14; 1917, c. 297, § 7, the Superior Court may enter a decree in accordance therewith.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board, with accompanying papers, upon a review of weekly payments, that the claimant "was totally incapacitated for work for a period of seven weeks subsequent to October 15, 1919, the date upon which discontinuance of compensation was approved under Part II, § 4 of the act; that compensation is due the employee in the sum of $98; and that all incapacity for work terminated on December 3, 1919."

From the papers accompanying the decision of the board it appeared that F. J. Cotton, the insurer's physician, reported, after an examination of the claimant on October 8, 1919, among other things that he saw "no reason why this man should be considered disabled for the present unless in one sense he is of course out of training and in need of some hardening up before he could take up heavy work as well as before the injury. This is true after every injury involving idleness for any length of time and would be just as much true three months from now as now. I do not know how heavy his regular work is but unless it is extraordinarily arduous should think he could be given something lighter to do

till he gets hardened up a bit and then go back on the job. He did have damage at the rib but it is all solidly healed and it is nothing more than a cause for slight lameness such as many of us have had in similar instances lasting in small measure for considerable time."

H. H. Howard, a physician, examined the claimant on behalf of the Industrial Accident Board on November 22, 1919, and, after further X-ray photographs searching for a rib fracture had been taken on November 24 and on December 13, 1919, reported: "Following a second X-ray which does demonstrate a fracture, I should say that the man's complaint is entirely justified but as there is no evidence of any non-union at the present time and no evidence of any injury to the pleura, so far as can be determined by X-ray and physical signs I believe that he is not incapacitated at the present time."

In the Superior Court a decree was entered by order of *Hammond, J.*, in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

*E. Field,* for the insurer.

*J. Klarfeld,* for the claimant, submitted the case without argument or brief.

CROSBY, J. It is agreed that the employee received an injury arising out of and in the course of his employment on August 20, 1919; that his average weekly wages were $21; and that he was paid compensation up to October 15, 1919, on which date the payments were discontinued with the approval of the Industrial Accident Board. St. 1911, c. 751, Part II, § 4, as amended by St. 1916, c. 90, § 1.

A member of the board, appointed under the provisions of Part III, § 12, as amended, on January 20, 1920, heard the parties on the question of incapacity and made the following findings and rulings: "that this employee . . . has not sustained the burden of proving that he has been totally incapacitated, because of conditions due to his injury, beyond the date upon which the board approved the discontinuance of compensation payments, October 15, 1919 . . . that this employee has an earning capacity which he has not established. The discontinuance of October 15, 1919, is hereby further confirmed, — the employee's rights being reserved under Part III, § 12 of the act."

The Industrial Accident Board, on review, found and ruled: "that this employee was totally incapacitated for work for a period of seven weeks subsequent to October 15, 1919, the date upon which discontinuance of compensation was approved under Part II, § 4 of the act; that compensation is due the employee in the sum of ninety-eight dollars ($98); and that all incapacity for work terminated on December 3, 1919."

It is the contention of the insurer that the board was without authority to act under Part III, § 12. Although the payments for total incapacity were discontinued with the approval of the board, there was no adjudication that all incapacity had ceased. The effect of the order was not a decision on the merits. The suspension of payments by the insurer, with the *ex parte* approval of the board, is to be construed as leaving open for future determination the question whether, after hearing, the payments were rightly discontinued, and, also, the question whether partial incapacity existed, and if so, its extent. That determination is what the board undertook to make by the decision now before us. Discontinuance of payments with the approval of the board on the basis of total incapacity was not the equivalent of a decision that there was no incapacity. The board has now made the decision that all disability terminated on December 3, 1919, which is final; plainly it had authority to make it. In this respect the case is governed by *Hunnewell's Case*, 220 Mass. 351. See *Lemieux's Case*, 223 Mass. 346.

The finding of the board that the employee was totally incapacitated for work for a period of seven weeks from October 15, 1919, cannot be said to have been unwarranted.

*Decree affirmed.*