SALVATORE BARBAGALLO'S (dependent's) CASE.

Suffolk. November 15, 1922. — November 21, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Appeal.

The Industrial Accident Board, having before them a report of a single member of the board granting a claim by a widow of an employeè for compensation, which contained a résumé of all the evidence at two hearings before him as well as a transcript of evidence before him at one of the hearings and certain exhibits, filed a decision that the claimant "has not sustained the burden of proving that the death of her husband . . . was due to or causally related to a personal injury arising out of and in the course of his employment." *Held*, that the decision was not a ruling that as matter of law there was no evidence to support a finding in favor of the dependent, but was a finding of fact that the board was not convinced by a fair preponderance of the evidence that there was a connection between the employment as a cause and the death of the deceased employee as a result.

The record in the case above described showing that there were circumstances concerning the alleged injury and the physical condition of the employee which might have been found insufficient to afford ground for finding a causal con-

nection between the employment and the death of the employee, the finding of the Industrial Accident Board was not subject to review and a decree of the Superior Court dismissing the claim must be affirmed.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, and all papers in connection therewith, that the claimant, widow of Salvatore Barbagallo, who was alleged to have received personal injuries while in the employ of M. T. Stevens and Sons Company at North Andover on November 14, 1916, which resulted in his death, had not sustained the burden of proving that the death of the employee was due to or causally related to a personal injury arising out of and in the course of his employment.

In the Superior Court, the case was heard by *Sisk*, J. The record before the court comprised the report of a single board member, who heard the case on June 7 and on June 23, 1920, with a résumé of the evidence, a full transcript of the evidence before him on June 23, 1920, and copies of certain exhibits, and the decision of the Industrial Accident Board, including their action upon certain motions as to the record not now material. By order of the judge, a decree dismissing the claim was entered. The claimant appealed.

*A. G. Rocco*, for the claimant.

*G. Gleason*, for the insurer.

BY THE COURT. This is a case under the workmen's compensation act. The case was heard by the Industrial Accident Board under claim for review whose finding and ruling, reversing the single member, were that upon all the evidence the petitioner "has not sustained the burden of proving that the death of her husband . . . was due to or causally related to a personal injury arising out of and in the course of his employment." These words plainly mean that the board was not convinced by a fair preponderance of the evidence that there was a connection between the employment as cause and the death of the deceased employee as result. They do not mean that the board ruled as matter of law that there was no evidence to support a finding in favor of the dependent. *Sponatski's Case*, 220 Mass. 526. Whether the evidence convinced the board or not on this vital point was a pure question of fact and not of law. Its decision called for sound judgment in weighing evidence and in reaching a final conclusion.

It is too clear for discussion that the board was not bound as matter of law to make a finding in favor of the dependent. There were circumstances concerning the alleged injury and the physical condition of the employee which might have been found insufficient to afford ground for finding a causal connection between the employment and the death of the employee. The evidence need not be reviewed. The findings of the board on the facts are not subject to review. The decision of the board is final and can be reversed only when unsupported by any evidence. The case at bar is governed by *Pass's Case*, 232 Mass. 515, and many like decisions.

<div align="right">

*Decree affirmed.*