## FRANK FOUNTAINE'S CASE.

Hampden.    October 15, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act*, Review by Industrial Accident Board of decision by single member.

Upon a review by the Industrial Accident Board under G.L. c.152, §10, of findings by a single member of the board appointed under § 7 of the statute, the board has authority, upon the record of the hearings before such single member and without hearing further evidence, if it disbelieves some of the evidence which the single member believed and believes some of the evidence which the single member disbelieved, for that reason to reverse a finding of the single member refusing compensation and to award compensation; and a decree of the Superior Court entered in accordance with such decision of the Industrial Accident Board will not be reversed if the record shows evidence warranting the board's findings.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board reversing a finding by a single member thereof and awarding compensation to Frank Fountaine, who, they found, was injured while in the employ of Farr Alpaca Company and " while working on a pulley in connection with work which he and others had been doing on a machine that had become clogged with wool."

In the Superior Court, by order of *N. P. Brown*, J., a decree was entered in accordance with the finding and award of the Industrial Accident Board.   The insurer appealed.

The case was submitted on briefs.

*A. L. Green & F. F. Bennett*, for the insurer.

*M. D. Graves & H. A. Moran*, for the employee.

JENNEY, J.   In this proceeding under the workmen's compensation act, Frank Fountaine, an employee of Farr Alpaca Company, alleges that on October 21, 1921, he received personal injury arising out of and in the course of his employment.   His claim was heard by a single member of the Industrial Accident Board who, after hearing the evidence, twice found that the injury did not result from the

employment, there having been a second hearing because of recommittal. Thereafter a claim for review (filed under G. L. c. 152, § 10), was heard by a board designated under G. L. c. 24, § 3, which board had before it the report of the evidence heard by the single member and his findings and decision based thereon. The decision of the single member was reversed, the reviewing board "believing the evidence of the employee, that while working on a pulley in connection with work which he and others had been doing on a machine that had become clogged with wool, [he] was thrown back, striking on his head, arms and body, and received injuries in the course of and arising out of his employment," and finding that the employee was entitled to compensation. The insurer has appealed from the decree entered in the Superior Court ordering payments in accord with the decision of the board.

The appellant urges that on the record, the decision of the board was not a justifiable review of the decision of the single member, in spite of the conceded existence of "some evidence" to support that conclusion. It asserts that part of the evidence in behalf of the employee, if believed, warranted only a finding that the injury was received in the course of and out of the employment, that other evidence if believed warranted only a finding that the injury arose out of a fall "due to . . . [an] internal state of health;" that the uncontroverted evidence as to other facts did not warrant a finding for the employee; and that the testimony of each witness, "when considered by itself, contained no self-discrediting features such as inconsistencies or improbabilities." The insurer's contention is well stated in its brief: "The requirements of a 'review' make it necessary that the board, in reversing the finding of the single member solely on the ground of a differing estimate of the credibility of the same testimony, and where the rejected testimony is neither self-contradictory nor intrinsically improbable, shall have had before it the witnesses in question, or, at any rate, the participation in its deliberations in review of the single member who heard such testimony and saw the witnesses." It further submits that such a finding of reversal "must of

necessity involve a determination of the credibility of the witnesses, which determination is incapable of rational justification, and is therefore arbitrary." The case is considered on the basis that the result of the testimony taken by the single member and before the board upon report is correctly stated by the insurer.

The board did not follow the finding of the single member as to the credibility of the evidence of the employee; it did not hear testimony of witnesses under the power conferred by G. L. c. 152, § 10; and the single member was not assigned to sit in review.

Inasmuch as the workmen's compensation act creates liability and gives relief only where there is a voluntary agreement to be bound thereby, it does not impair fundamental rights. *Opinion of the Justices*, 209 Mass. 607. Procedural provisions do not form a part of the contract of employment and are subject to legislative control. *Devine's Case*, 236 Mass. 588. The decision in this case must be based upon the construction of the statutory provisions creating and defining the rights of employee and employer and the liability of the insurer.

Under the statute as originally enacted, if the insurer and the employee did not reach an agreement in regard to compensation, upon notice of either, the Industrial Accident Board directed the formation of a committee of arbitration consisting of three persons, one a member of the board, and the others to be " named, respectively, by the two parties." The decision of the committee was enforceable unless a claim for review was filed, whereupon the board heard the parties. St. 1911, c. 751, Part III, §§ 5, 6, 7, 10. The next year (St. 1912, c. 571, §§ 12, 13) the committee on arbitration was required to file with the board with its decision " a statement of the evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it; " and in case of review the provision was made that the board " shall hear the parties and may hear evidence in regard to any or all matters pertinent thereto and may revise the decision of the committee in whole or in part, or may refer the matter back to the committee for further find-

ings of fact, and shall file its decision with the records of the proceedings and notify the parties thereof. No party shall as a matter of right be entitled to a second hearing upon any question of fact." The procedure and evidence in review and the power of the reviewing board have not been materially changed. See St. 1917, c. 297, § 6; G. L. c. 152, § 10. However, since St. 1917, c. 297, §§ 2, 3, 4, came into effect, hearings before committees have ceased and claims for compensation have been heard and decided by a single member of the board. *Devine's Case, supra.* The revisory power of the board is the same as when the primary hearings were before a committee of which only one was a member of the board, and the board then and now without hearing evidence could revise the decision in whole or in part. This power of revision includes jurisdiction to affirm, wholly reverse, or modify. This is the clear import of the statute. The " board, upon the same evidence, has full power to find facts at variance with and contrary to those found by the member." *Sonia's Case*, 234 Mass. 475, 477. Unquestionably this power must be exercised in accordance with the creative statute, and is not arbitrary; and it is restricted by the limits of the authority conferred by the Legislature. That authority is the chart for guidance.

A proceeding before the reviewing board is not like that considered in *Swan* v. *Justices of the Superior Court*, 222 Mass. 542. There the statute (R. L. c. 100, § 4, as amended by St. 1912, § 389) provided for a " review of the charges, of the evidence submitted thereunder, and of the findings thereon." Here power is given to " revise " the decision. Other differences need not be noted. Neither is the statutory authority limited as in cases where this court in actions at law considers the weight to be given to the findings of a trial judge; nor as under the rule in equity. See *Moss* v. *Old Colony Trust Co. ante*, 139, and cases there collected at pages 143, 144. The proceeding is different in its scope from either of those last referred to, although procedure under the act " conforms in the main to that prevailing in equity." *Johnson's Case*, 242 Mass. 489, 494. The importance of

weighing testimony in the light of the appearance and manner of witnesses is well known, but the Legislature did not provide that lack of such opportunity should confine the authority of the board. Doubtless such circumstances are considered by the reviewing authority. Their force should not lightly be disregarded. Even if the single member sat on the board, the power to review would not be limited because of considerations available only to him. The conclusive answer to the contention of the insurer is that the clear legislative authority to reverse a decision is not restricted. We cannot write into the plain statutory terms a restriction on this power in cases where a decision involves a disbelief of testimony and results in a conclusion of fact different from that of the single member who heard the witnesses even though the testimony which is disregarded is not in any way contradictory or improbable, provided always that there is evidence sustaining directly or by rational inference the findings actually made. See *Dube's Case*, 226 Mass. 591. A difference in belief as here shown cannot be considered as an arbitrary exercise of power; such a result is expressly contemplated. Possibly cases may arise presenting facts without the scope of this decision. If such there be, they must be dealt with as they appear. The result is within the reason of *Sonia's Case*, *supra*. It accords with general intimations contained in other cases. *Pigeon's Case*, 216 Mass. 51. *Donovan's Case*, 217 Mass. 76. *Herrick's Case*, 217 Mass. 111. *Sanderson's Case*, 224 Mass. 558. *Mathewson's Case*, 227 Mass. 470. *Uzzio's Case*, 228 Mass. 331. *Weatherbee's Case*, 231 Mass. 297. *Sciola's Case*, 236 Mass. 407. *Frizzi's Case*, 237 Mass. 460. *Chisholm's Case*, 238 Mass. 412.

It follows that the decree of the Superior Court must be affirmed, and it is

*Ordered accordingly.*