JOHN KILEY'S CASE.

Suffolk.    December 11, 1923. — February 27, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Incapacity;
Specific compensation; Findings of fact by single member of Industrial
Accident Board.

On an appeal from a decree entered in the Superior Court based upon a
decision of the Industrial Accident Board that a claimant had become
totally incapacitated for work by reason of an injury to his right eye,
it was *held,* that the decree must be affirmed, there being evidence to
support the finding of the board.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision of the
Industrial Accident Board awarding compensation to the
claimant, who was found to be totally incapacitated for
work because of injury to his eye received while in the em-
ploy of the town of Framingham.

In the Superior Court, the action was heard by *Wait,* J.
Material evidence is described in the opinion.   By order
of the judge, a decree was entered in accordance with the
decision of the Industrial Accident Board.    The insurer
appealed.

*H. V. Cunningham,* (*W. S. Bangs* with him,) for the
insurer.

*J. E. Luby,* for the employee.

BRALEY, J.   The insurer having admitted that the em-
ployee's injury to his right eye was received in, and arose
out of his employment, the questions for decision before
the board member, and the Industrial Accident Board on
review, which adopted his findings, were, as stated in the
record, whether his loss of sight resulted from the injury, and
if so, whether he has become incapacitated for work, and
whether he is entitled to specific compensation for the re-
duction of vision in the injured eye to one tenth of normal

or less.   G. L. c. 152, § 36.   The burden of proof was on the employee to offer evidence which would warrant findings in the affirmative on the questions posited.

The employee was engaged in shovelling hot tar when some of it spattered " into his eye."   It was undisputed, that although continuing at work while constantly complaining of his eye, he was finally obliged to go to a hospital where he remained under treatment for nine weeks, but no cure was effected, although he was somewhat relieved.   It would serve no useful purpose to review the medical and other evidence in detail.   The credibility of the witnesses, as well as the weight to be given to their testimony, was for the board member who saw and heard them.   *Pass's Case*, 232 Mass. 515.

The finding, that the reduction in vision in the right eye to less than " one twenty-fifth of normal " was not due to the injury, disposes of the claim for specific compensation.

But on the question of total incapacity, the evidence of the employee, if believed by the board member, warranted his findings, that " the employee has demonstrated that he is unable to work on account of his injury to his eye; that he was able to work without any trouble before his injury although he had poor vision, but that the additional handicap has totally incapacitated him for work."   G. L. c. 152, § 34.   The contentions of the insurer that on all the evidence the injury to the right eye caused only a temporary incapacity, and that compensation should be graduated as provided in G. L. c. 152, § 35, cannot be sustained for the reasons stated.

*Decree affirmed.*