BEVINGTON H. SAVAGE'S CASE.

Suffolk.   January 19, 1926. — September 17, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Review by Industrial Accident Board of findings by single member.

Facts found by the Industrial Accident Board, if warranted upon evidence submitted to them by a single member upon a review under G. L. c. 152, §§ 8, 10, must stand although they are at variance with facts found by the single member upon the same evidence.

An employee, for his own convenience and not as any part of his duty to his employer, used an automobile to reach the place of his employment. By permission of his employer, he was in the habit of placing it while at his work in a building on the employer's premises, once used as a coal bin, provided with doors, without a roof, and capable of holding three or four automobiles. After having placed his automobile in this building and as he was leaving it on his way to begin his work on a certain day, the wind blew one of the doors against him and injured him. The Industrial Accident Board, upon evidence warranting the finding of the foregoing facts, decided that the injury did not arise out of and in the course of his employment and dismissed a claim by the employee for compensation. *Held*, that the findings and rulings by the board were right.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, described in the opinion, denying a claim by Bevington H. Savage for compensation for injuries alleged to have been received by him while in the employ of Loose-Wiles Biscuit Company.

In the Superior Court, the case was heard by *Morton*, J., by whose order a decree was entered dismissing the claim. The employee appealed.

*M. Rosenthal,* for the employee.

*G. Gleason,* for the insurer.

RUGG, C.J.   This is a proceeding under the workmen's compensation act.   The employee worked as a carpenter for the subscriber in its shop.   For his own convenience and not as any part of his duty to the subscriber, he used an automobile to reach his employment.   He had been in the habit of putting his automobile by permission of the subscriber in a building, which might have been found to be on its premises, once used as a coal bin but at the time in question provided with doors, though without a roof, and capable of holding three or four automobiles.   After having placed his automobile in this building and as he was leaving it on his way to begin his work for the day, the wind blew one of the doors against him and injured him.   The single member of the Industrial Accident Board found on these facts that the injury arose out of and in the course of his employment and ruled that he was entitled to recover.   The Industrial Accident Board on appeal reversed the decision of the single member, found "upon all the evidence that the employee's injury did not arise out of and in the course of his employment; that his work did not take him to the place where he was at the time of his injury; and that his presence there was neither in the course of his employment, nor incidental to it, the employee being there solely for his own convenience."

The board has power upon the same evidence to find facts at variance with those found by the single member.   *Sonia's Case,* 234 Mass. 475, 477.   *Fountaine's Case,* 246 Mass. 513. Its findings must stand if supported by evidence.   *Pass's Case,* 232 Mass. 515.

The findings and ruling of the board were right.   It was no part of the duty owed to the subscriber by the employee as a shop carpenter to use an automobile to reach his work. The subscriber was not obliged under the contract of employment to furnish parking space or a garage for the automobile of the employee.   The employee was not on the part of the subscriber's premises where his employment carried him.   The case at bar is governed by *Babineau's Case,* 254 Mass. 214, and decisions there reviewed.   It is distinguish-

able from *Latter's Case,* 238 Mass. 326, and like decisions, where the injury occurred on the employer's premises necessarily used by the employee in reaching or leaving his place of actual work.

*Decree affirmed.*