GEORGE W. GLEASON's (dependent's) CASE.

Suffolk.　December 9, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Dependency, Finding by Industrial Accident Board. *Husband and Wife.*

The Industrial Accident Board upon a review of a finding by a single member who, upon evidence reported by him, found that a claimant was a member of the employee's family at the time when the employee sustained an injury, has power to disbelieve reported testimony in support of such a finding and to reverse the finding.

The ascertainment of dependents under the workmen's compensation act should be made as of the time of the injury to the deceased employee.

A woman, who was not a member of the family of an employee injured within the provisions of the workmen's compensation act but who, between the time of his injury and the time of his death about two and one half months later, was married to him, is not entitled to claim compensation for his death under the act.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board dismissing a claim for compensation due to an injury and resulting death of George W. Gleason while employed by Hersey Manufacturing Company.

In the Superior Court, the case was heard by *Cox*, J., by whose order a final decree was entered dismissing the claim. The claimant appealed.

*S. L. Bailen*, for the claimant.

*G. Gleason*, for the insurer.

SANDERSON, J.　This is an appeal by the claimant from a decree of the Superior Court in accordance with the findings and decision of the Industrial Accident Board. The employee, George W. Gleason, received an injury July 3, 1928, arising out of and in the course of his employment and resulting in his death on September 22, 1928. The claimant and employee were married while he was a patient at the Boston City Hospital on August 4, 1928. He was then eighty years of age and she seventy-six. He left the hospital

on August 18, returned again August 28 and remained until his death.

The single member found that Mrs. Gleason, the claimant, was a member of the employee's family at the time of the injury and that she, having been the employee's wife at the time of his death, is entitled to the compensation due his widow. The reviewing board found that the claimant was not a member of the employee's family at the time of the injury and that she not being then married to him was not a dependent within the meaning of the statute, although she was his wife at the time of his death.

The board had power to reverse the findings of fact of the single member upon the evidence reported by him. *Sonia's Case*, 234 Mass. 475. *Di Giovanni's Case*, 255 Mass. 241. G. L. c. 152, § 1 (3) defines dependents as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury." It is not necessary to decide whether the evidence of the claimant would support a finding that she was a member of the employee's family at the time of the accident, for the board were not obliged to believe this testimony, and we cannot say that they erred in finding that she was not a member of his family at that time. *Stafford's Case*, 238 Mass. 93, 94.

G. L. c. 152, § 31, fixes the amount of payments to those wholly or partially dependent at the time of the injury upon the earnings of an employee whose death results from the injury. The contention of the claimant is that she is conclusively presumed to be wholly dependent for support upon the deceased employee under G. L. c. 152, § 32 (a), which so classifies "A wife upon a husband with whom she lives at the time of his death. . . ." But this section when considered with the other provisions of the act merely determines which of the persons who are defined as dependents in § 1 (3) of the statute shall be conclusively presumed to be wholly dependent. The conclusive presumption applies only to those who can bring themselves within the classification of dependents under the section last referred to. The "ascertainment of dependents is

made as of the time of the injury to the deceased employee. It cannot be made as of any other time." *Bott's Case,* 230 Mass. 152, 154. *Cronin's Case,* 234 Mass. 5, 6. Since the claimant was neither next of kin nor a member of the employee's family at the time of the injury she cannot recover.

<div align="right">

*Decree affirmed.*