## EMMA SEELIG'S CASE.

Berkshire.   September 20, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act, Appeal, Findings by Industrial Accident Board.*

Where, in proceedings under the workmen's compensation act, the Industrial Accident Board made 'a finding, warranted by the evidence before it on a review of a decision by a single member, that the claimant's injury did not arise out of and in the course of his employment, and ordered the claim dismissed, such decision superseded a previous finding and decision by the single member on the same evidence in favor of the claimant.

Upon certification to the Superior Court in the proceedings above described, it was error to enter a decree in favor of the claimant in accordance with the decision by the single member of the board: the decree should have been in favor of the insurer.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board dismissing a claim for compensation.

In the Superior Court, a decree was entered in favor of the claimant by order of *W. A. Burns*, J.   The insurer appealed.

*W. Doyle & E. W. Sawyer*, for the insurer, submitted a brief.

·*J. W. Carolan*, (*M. B. Warner* with him,) for the claimant.

· DONAHUE, J.   This is an appeal by the insurer from a decree entered by a judge of the Superior Court on findings and a decision made by the Industrial Accident Board.   The board member found that the employee received an injury arising out of and in the course of her employment.   The Industrial Accident Board, hearing the case on review upon a report by the board member which contained all the material evidence, reversed the finding of the board member and found that the employee had not sustained the burden of proving that she had received such an injury.   The Su-

perior Court reversed the decision of the board and affirmed the finding of the board member.

The question whether or not the injury of the employee arose out of and in the course of her employment was a question of fact. *Pass's Case*, 232 Mass. 515. So too was the question whether or not the employee had sustained the burden of proving that her injury was of that character. *Barbagallo's Case*, 243 Mass. 86. "The board has power upon the same evidence to find facts at variance with those found by the single member." *Savage's Case*, 257 Mass. 30, 31. The evidence here warranted the finding that the employee was injured while upon a part of the employer's premises where the duties of her employment did not require her to be and the conclusion that her injury did not arise out of and in the course of her employment. *Babineau's Case*, 254 Mass. 214. *Savage's Case*, 257 Mass. 30. "The finding of the board is final in these circumstances. It supersedes the finding of the board member. The Superior Court has no authority to review the finding of the board and adopt that of the single member in preference to that of the board." *Di Giovanni's Case*, 255 Mass. 241, 242.

*Decree reversed.*
*Decree to be entered for the insurer.*