ANGELO D'AMATO'S (dependents') CASE.

Suffolk.    April 6, 1936. — April 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board.

In proceedings under the workmen's compensation act, a finding of fact
by a reviewing board supersedes a finding by the single member and
is not subject to revision by the court unless the record certified to
the court discloses an error of law affecting the finding.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the In-
dustrial Accident Board.

In the Superior Court, a decree was entered by order of
*Goldberg*, J., in accordance with the decision by the board,
dismissing the claim. The claimant appealed.

*B. B. Levenson*, for the claimant.

*G. Gleason & W. G. Reed*, for the insurer, submitted a
brief.

BY THE COURT. This is an appeal from a decree of the
Superior Court entered pursuant to findings and decision of
the Industrial Accident Board to the effect that the claim-
ant was not a dependent of the deceased employee, and
dismissing the claim for compensation. The deceased em-
ployee met his death by drowning arising out of and in the
course of his employment. The only question in dispute
was whether the father or mother of the deceased, both of
whom were residents of Italy, was dependent upon the
deceased employee.

The father and mother were not conclusively presumed
to be dependent upon their deceased son. Whether they
were so dependent was a question of fact to be determined
upon the evidence. G. L. (Ter. Ed.) c. 152, § 32. *Ferriter's
Case*, 269 Mass. 267. The burden of proof was upon the
parents to establish the fact of dependency. *Sponatski's
Case*, 220 Mass. 526. The single member found no depend-

ency on the part of the father. No question of law can arise as to his claim. A slight dependency on the part of the mother was found by the single member. The reviewing board found upon all the evidence that there was no dependency within the meaning of the act and denied the claim for compensation. It is familiar law that the finding of the reviewing board entirely supersedes that of the single member, which thereafter becomes of no importance. The decision of the reviewing board must be accepted as final. *Di Clavio's Case*, 293 Mass. 259. The decision of the reviewing board shows that the burden of proof resting upon the claimant was not established. *Ricci's Case, ante*, 67. There is no power vested in the courts to revise the findings made by the reviewing board. *McGowan's Case*, 288 Mass. 441. The record fails to show that the reviewing board was under any misapprehension of law or fact in rendering its decision. The evidence need not be reviewed:

*Decree affirmed.*