## FIDEL ALLEN'S CASE.

Bristol. October 26, November 13, 1936. — December 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board. *Proximate Cause.*

A finding by a reviewing board in proceedings under the workmen's compensation act, in substance that the entire loss of the sight of the employee's right eye as a result of an accident, "taken in conjunction with the preëxisting impaired vision in the left eye left him with insufficient vision," thus creating "an additional handicap to the effect of causing a total incapacity for work," was warranted by the record certified to the Superior Court although, among findings by a single member which were affirmed and adopted by the reviewing board, was a statement that he was "unable to find that the reduction of vision in the left, uninjured eye" after the accident was "related to the injury to the right eye."

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board.

The insurer appealed from a decree entered by order of *Brogna*, J., in accordance with the decision of the board.

*J. J. Connors & E. W. Sawyer*, for the insurer, submitted a brief.

*R. L. Genensky*, for the claimant.

CROSBY, J. This is an appeal by the insurer, the Liberty Mutual Insurance Company, from a decree of the Superior Court awarding compensation to the claimant, in accordance with the findings and decision of the Industrial Accident Board. The question raised is whether the evidence justified a finding by the board that the employee's incapacity since April 8, 1935, was the result of an injury received February 18, 1935.

The employee, a carpenter employed by the Union Street Railway Company, was struck in the right eye by a flying bolt on February 18, 1935, and as a result of his injury lost the sight of that eye. He received specific compensation for this loss from the insurer, which also paid him compensation under G. L. (Ter. Ed.) c. 152, § 34, until April 8, 1935. The insurer contends that since that date he has ceased to be totally incapacitated for work.

The case was heard by a member of the Industrial Accident Board on May 1, 1936, upon a claim for compensation for total disability since April 8, 1935. The single member heard the evidence and found "that this employee has been totally disabled for work since April 8, 1935, as a result of the injury of February 18, 1935. He is therefore entitled to total compensation at the rate of $15.47 a week." He was "unable to find that the reduction of vision in the left, uninjured eye since February 18, 1935, is related to the injury to the right eye on that date." The insurer having filed a claim for review, the reviewing board heard the parties on June 25, 1936. The findings and decision of the single member were affirmed and adopted, and a further finding was made "that the employee was able to perform his work until the injury occurred notwithstanding that he had a cataractous condition of the left eye, that the loss of vision in the right eye resulting from the injury taken in conjunction with the preëxisting impaired vision in the

left eye left him with insufficient vision to perform his work, hence the injury created an additional handicap to the effect of causing a total incapacity for work."* The Industrial Accident Board ordered that the insurer pay the employee "total incapacity compensation at $15.47 a week dating from April 8, 1935, and continuing subject to the provisions of the act. The amount due to the date of this review is $981.24 which the insurer is ordered to pay forthwith"; and in accordance with the provisions of G. L. (Ter. Ed.) c. 152, § 10, assessed costs of $50 against the insurer, checks in payment therefor to be made out jointly to the employee and his attorney, to cover the cost to the employee of the review, including a reasonable counsel fee.

The insurer's appeal is based upon the contention that the evidence did not support the findings of the single member, or those of the reviewing board; that the theory of the former was that the claimant's general physical condition brought on by the injury rendered him unfit for work; and that the reviewing board, realizing that the facts stated in the record could not support such a theory, chose an alternative ground upon which to act.

Under G. L. (Ter. Ed.) c. 152, § 10, the reviewing board has jurisdiction to affirm or reverse the findings of the single member. *Fountaine's Case,* 246 Mass. 513, 516. *Savage's Case,* 257 Mass. 30, 31. *Minns's Case,* 286 Mass. 459, 462. The sole question in the present case is whether the findings of the reviewing board adopting those of the single member find support in the evidence. It is the contention of the insurer that no evidence warrants the find-

---

* The record of evidence before the single member disclosed that the employee testified in substance that his left eye began troubling him right away after the accident, that it was "weakened, full of water," and that it got "worse all the time"; that two months after the accident he got glasses for his left eye, but that he "could not see much" with his left eye. A physician, called by the insurer, testifying as to an examination of the left eye in December following the accident, stated in substance that the employee's left eye then "showed a marked cataract." A physician specializing in diseases of the eye, called by the insurer, testified that he examin'd the employee in March, 1936, and that he then found in the left eye "a sign of a very well advanced cataract." A report of an impartial examination by an eye specialist in January, 1936, concluded: "Left eye — perfectly clear and normal in appearance but according to all tests, he has very little vision. Consequently, he is in no condition for work, with no prospect of improvement." — REPORTER.

ing of the board that the employee "had a cataractous condition of the left eye." Although the single member states that there was no evidence to show how much the employee could see with his left, uninjured eye previous to the accident, it was a reasonable inference that his vision in that eye was poor at the time of the accident. As the reviewing board upon all the evidence affirmed and adopted the decision of the single member, and further found that the employee was able to perform his work before the injury notwithstanding he had a cataractous condition of the left eye, and that the loss of vision in the right eye, resulting from the injury, taken in connection with the pre-existing impairment in the left eye, left him with insufficient vision to perform his work and thereby left him with total incapacity to work, the finding was warranted that the employee's incapacity to see was caused by the injury to his right eye and was not due to other ailments. *Kiley's Case*, 248 Mass. 60.

<div align="right">

*Decree affirmed.*