## CARMINE INDRISANO'S CASE.

Suffolk. November 4, 1940. — December 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Workmen's Compensation Act*, Procedure: exceptions, appeal; Injuries to which act applies. *Error*, Whether harmful.

In order that a question as to the propriety of the admission or exclusion of evidence may be open in the Superior Court and in this court in a workmen's compensation case, it must be raised before the reviewing board, and by the saving of an exception; a mere objection at a hearing before a single member is not enough.

An exception saved before a reviewing board in a workmen's compensation case is not a common law exception brought to this court by a bill of exceptions, but is like the exception presented to this court as part of the record on an appeal in equity under G. L. (Ter. Ed.) c. 214, § 25. Per LUMMUS, J.

A decree in a workmen's compensation case will not be reversed for error in the admission or exclusion of evidence unless substantial justice requires reversal.

An employee, working on his employer's land and under orders to leave the sidewalk clean, suffered an injury arising out of and in the course of his employment within the workmen's compensation act when, while engaged at the close of his day's work in removing from the sidewalk a limb blown down by a hurricane from a tree on such land, he was struck by another limb so blown down.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

A decree in accordance with the decision was entered by order of *Brogna*, J. The insurer appealed.

*H. B. White*, for the insurer.

*G. A. Cataldo*, for the claimant.

LUMMUS, J. The evidence warranted a finding of the following facts. The employee was a foreman in the employ of Thomas D. Russo Company, which was building the concrete foundation of a new building on its land on Florence Street in Roslindale. He had charge of the concrete work, and at the time in question no superior was present. On September 21, 1938, as he and the men under him finished

their work shortly after six o'clock in the afternoon, and were about to lock up their tools in the shed and go home, the hurricane described in the opinion in *Caswell's Case*, 305 Mass. 500, caused a branch, seven or eight inches in diameter and ten or twenty feet long, of a large tree on the Russo land, to break off and block the sidewalk and street in front of that land. The employee testified without objection that it was his duty as foreman to leave the streets and everything clean when leaving the job. The superintendent for his employer testified without objection that the employee had orders to leave the sidewalks clean. As soon as the branch fell, the employee directed the men under him to saw the branch and clear it away, and helped them in the work. While on the sidewalk working on the branch, the employee was struck and injured by another large branch of the same tree, which was torn off by the continuing hurricane.

The insurer objected before the single member to the admission of oral testimony that some "building law," not cited, forbade any obstruction of a sidewalk and required a builder to remove any obstruction, whatever its cause. This objection, however well founded, cannot avail the insurer in this court, for three reasons.

1. The record fails to show that the objection was relied on before the reviewing board, the decision of which superseded and made unimportant that of the single member. *Di Clavio's Case*, 293 Mass. 259, 261. *Schenck's Case*, 293 Mass. 526, 530. *Ricci's Case*, 294 Mass. 67. *D'Amato's Case*, 294 Mass. 297. *Filosa's Case*, 295 Mass. 592, 595. *Mozetski's Case*, 299 Mass. 370, 372. At the time when it was said in *Duprey's Case*, 219 Mass. 189, 193, that objection must be made before the board in order to bring to this court questions of evidence in workmen's compensation cases, there was no such thing as a hearing before a single member sitting alone, and the reviewing board must have been meant. *Fountaine's Case*, 246 Mass. 513. A question of evidence is not brought to the Superior Court or to this court unless shown to have been raised before the reviewing board. *Minns's Case*, 286 Mass. 459, 467.

*Di Clavio's Case,* 293 Mass. 259, 261. *Wnukowski's Case,*
296 Mass. 63, 67. See also *Akins's Case,* 302 Mass. 562,
565, 566. *Gustafson's Case,* 303 Mass. 397, 401.

2. Objection, even before the reviewing board, is not
enough. There must be an exception. *Korobchuk's Case,*
277 Mass. 534, 537. *Phillips's Case,* 278 Mass. 194, 196.
See also *Hess* v. *Boston Elevated Railway,* 304 Mass. 535,
540; *Okin* v. *Sullivan, ante,* 227. The exception required,
looked at historically, is not the common law exception
traced in *Endicott, petitioner,* 24 Pick. 339, and *Tyndale*
v. *Stanwood,* 186 Mass. 59, made applicable to equity cases
in this court, the Superior Court, and the Land Court by
the breadth of our statute (G. L. [Ter. Ed.] c. 231, §§ 113,
144; *Dorr* v. *Tremont National Bank,* 128 Mass. 349; *Pigeon's
Case,* 216 Mass. 51, 55), and presented to this court by a
bill of exceptions. *Gould's Case,* 215 Mass. 480. It is rather
the exception known to equity practice, the creature of
no statute, familiar when taken to a master's report, de-
fined as "the act of appealing from rulings appearing of
record, and nothing more" (*O'Brien* v. *Keefe,* 175 Mass.
274, 276), and presented to this court as part of the record
on appeal. As applied to questions of the admission or
exclusion of evidence in equity cases heard by a judge,
this latter sort of exception lay dormant in this Common-
wealth for many years until brought into activity by St.
1913, c. 716, § 4 (G. L. [Ter. Ed.] c. 214, § 25). It was,
however, in use in equity cases in other jurisdictions. *Eden*
v. *Earl of Bute,* 1 Bro. P. C. 465, 466, 467. *Gilbert* v. *Endean,*
9 Ch. D. 259, 267. Maryland St. 1832, c. 302, § 5. *Jones*
v. *Hardesty,* 10 Gill & J. 404, 414. *Binford's Admin-
istrator* v. *Dement,* 72 Ala. 491. *Corn* v. *Sims,* 3 Met.
(Ky.) 391, 397. *Dodge* v. *Griswold,* 12 N. H. 573, 576.
*Pederson* v. *Ullrich,* 50 Wash. 211. *Brockett* v. *Brockett,*
3 How. 691, 692. Compare *Jacker* v. *International Cable
Co. Ltd.* 5 T. L. R. 13; *Redman* v. *Hurley,* 89 Maine,
428, 434; *Burrill* v. *Giles,* 119 Maine, 111; *Skidmore* v.
*Harris,* 157 Ky. 756, 761; *Smith* v. *Newland,* 40 Ill. 100;
*McKee* v. *Downing,* 224 Mo. 115, 135. In workmen's
compensation cases in this Commonwealth the exception

of equity practice enabled questions of evidence to be taken up on appeal even before the statute of 1913, and bills of exception have been unknown. *Pigeon's Case*, 216 Mass. 51, in which the Industrial Accident Board had made its decision before the enactment of that statute. See also *Mackintosh, petitioner*, 246 Mass. 482; *Jenkins* v. *Jenkins*, 304 Mass. 248; *Corbett's Case*, 270 Mass. 162, 164, 165.

3. Independently of G. L. (Ter. Ed.) c. 231, § 132, but in accordance with general equity practice, a decree in a workmen's compensation case will not be reversed for error in the admission or exclusion of evidence, unless substantial justice requires reversal. *Pigeon's Case*, 216 Mass. 51, 55. *Beckles's Case*, 230 Mass. 272, 274. *Sciola's Case*, 236 Mass. 407, 413. The evidence admitted in this case over the objection of the insurer added so little to evidence admitted without objection, that the decree ought not to be disturbed even if the question had been properly raised. *Derinza's Case*, 229 Mass. 435, 444. *Randolph's Case*, 247 Mass. 245, 249. See also *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 477. For these three reasons the decree cannot be reversed because of the admission of the evidence in question.

Upon the evidence, the reviewing board, following the decision of the single member, found that the employee received a personal injury arising out of and in the course of his employment, and awarded compensation. The Superior Court entered a decree for compensation. The insurer appealed.

The case is governed by *Caswell's Case*, 305 Mass. 500. It could be found that the injury was received in the course of the employment. The tree, from which the branch was torn off that struck the employee, was a part of the premises upon which he was working. It could be found, if not ruled, that his injury arose out of his employment.

*Decree affirmed.*