RAYMOND F. MATTESON'S CASE. April 1, 1981. The employee appeals from a judgment entered in the Superior Court affirming an award of the Industrial Accident Board. We affirm. 1. The board's denial of the employee's claim under G. L. c. 152, § 28, was amply supported by the subsidiary findings of the single member. See *McCarthy's Case,* 314 Mass. 610, 612 (1943). Moreover, the board found that the employee had been given an option to change work assignments following his complaint based on safety. Contrast *Randolph's Case,* 247 Mass. 245, 248 (1924); *O'Leary's Case,* 367 Mass. 108, 115 (1975). 2. The employee claims that once the board had recommitted the case to the single member "for the sole purpose of determining the question of average weekly wage," the board, on review of the member's decision following recommittal, could

not recommit on a separate issue, specifically, earning capacity. The board's first action, captioned an "Order of Recommittal," was not a final determination of the case. Compare *Hunnewell's Case*, 220 Mass. 351, 353 (1915). The board retained control over the case and thus could revise its previous action. See and compare *Frizzi's Case*, 237 Mass. 460, 462 (1921), and *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 454-457 (1975). 3. The employee's claims based on the form of the Superior Court judgment are groundless. Although the total amount of partial incapacity compensation was not computed, the amount was certain, on the principle that whatever can be made certain by mere arithmetic is already certain. *Boyer* v. *Bowles*, 316 Mass. 90, 95 (1944). There was no uncertainty as to the starting and ending dates of the period of interest accrual under G. L. c. 152, § 50, as amended through St. 1965, c. 616, since those dates are established by the statute. The absence in the judgment of an award of costs to the employee under G. L. c. 152, § 11, was not error, as the employee, who had brought the case before the Superior Court, did not prevail in that court. G. L. c. 152, § 11. The employee's claim under G. L. c. 152, § 28, was addressed in the judgment.

*Judgment affirmed.*

*Pasquale J. Ventola* for the employee.
*John T. Foynes* for the insurer.