ELMER K. GEE'S CASE.

Suffolk.　　December 12, 1932. — May 22, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.　·

Upon a review of the evidence shown by the record on appeal by the insurer from a decree of the Superior Court allowing compensation to an employee for an injury received while lifting apples in October, 1931, by reason of which he was "laid off" from work on December 31, 1931, where it appeared that the employee, who suffered from a weak back, had received an injury on August 2, 1927, for which he was paid compensation until he returned to work December 5, 1927, and another injury on February 8, 1930, for which he was paid compensation to March 23, 1930, and a lump sum of $500, it was ·held, that a finding was not warranted that the employee received a personal injury in October, 1931, which affected his capacity for work after December 31, 1931, it being at best doubtful whether it could have been found that the employee's lameness and more severe pain while employed in lifting apples amounted to a personal injury or was the result of a personal injury arising out of that employment: the employee had not sustained the burden upon him of showing that the occurrences in October, 1931, were at least a contributing cause of his incapacity after December 31, 1931.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation, in the circumstances described in the opinion, for partial incapacity for work found to have resulted from personal injury on October 1, 1931, arising out of and in the course of the claimant's employment by the Wayside Inn.

In the Superior Court, the case was heard by *Pinanski*, J., by whose order a final decree was entered in accordance with the decision by the board. The insurer appealed.

*G. Gleason*, for the insurer.

*P. C. Hanna*, for the claimant.

FIELD, J. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. The employee while working for this employer received an injury on August 2, 1927, for which he was paid compensation until he returned to work· December 5, 1927, and another injury on February 8, 1930, for which he was paid compensation to March 23, 1930, and a lump sum of $500. The employee now claims compensation for an alleged injury received in October, 1931. The single member found as follows: "this employee received a personal injury arising out of and in the course of his employment on October 1, 1931, when he was lifting apples. He had a preëxisting weak condition in his back, and had received compensation on two prior occasions. He continued to work until December 31, 1931, when he was laid off." The single member found further that "this was a new injury," and awarded compensation for partial incapacity from· December 31, 1931. The reviewing board affirmed and adopted the findings and decision of the single member. The Superior Court entered a decree in accordance therewith, and the insurer appealed.

There was medical testimony that the employee "is not able to do heavy work," and "has a permanent, partial disability, possibly fifty per cent," but there was no evidence, apart from the testimony of the employee, that this condition was caused or aggravated by a personal injury received in October, 1931.

The substance of the employee's account of the circumstances of his alleged injury in October, 1931, appears in the following extracts from his testimony as set forth in the record. "On August 2, 1927, while driving a tractor, the tractor overturned on him, catching him in the back, groin and hips. . . . He was out· of work about seventeen weeks. He was able to do light work and he wanted to go back. The Wayside Inn . . . gave him light work. . . . He did not do any heavy work similar to what he had done prior to August 2. . . . Asked what happens to him when he does heavy work, the witness replied, he gets lamed up

and cannot walk. Asked when did he first get lamed up after that accident, the witness replied, his back has ached continually, in 1930 the first time he got disabled totally so he could not work. . . . Asked what happened to him in the fall of 1931, the witness replied, his back got bad again. Asked how it happened to get bad again, the witness replied, he was lifting apples. That was different work than he had been doing before. It lamed him up, he could hardly get around. He told his employer about that. His employer took him to Dr. Ekwall who examined him. . . . He continued to do work after that lifting apples, right after that job he was transferred to washing cars. . . . At the present time he feels about the same as he has since 1927, . . . . Asked how does hard work affect his back, the witness replied, if he lifts right up, he cannot walk. He was laid off the last of December, either the last day or the next to the last day. . . . He cannot do the work now that he was doing in August, 1927. . . . He does not remember what date it was in October, 1931, that he felt this pain in his back. The pain was similar to pains he had in his back since 1927, but it was more active, more pronounced. It was in the same location, but more severe. . . . From August, 1927, to May, 1930, he sometimes did heavy work and sometimes light work. Sometimes when he did heavy work he had pain in his back; sometimes when he did light work he had pain in his back and sometimes when he did not work at all he would have pain in his back. . . . He was not lifting bags of apples in October. There were boxes of apples from the orchard [which it is agreed weighed about forty pounds each]. . . . Asked what makes him think it was October, the witness replied, he could not tell but it was late in the fall anyway. . . . Asked at any time in 1931, if he was lifting some particular box and have that happened to him as had happened in February, 1930, the witness replied, no. Asked all that happened to him in 1931 was a continuance of pain while he was lifting boxes of apples, the witness replied, yes. Asked the same kind of pain he had in 1927, 1928, 1929, 1930 and 1931, the witness replied, yes, only more pain. Asked some periods from

1927 to up to the fall of 1931 he had pain in the same degree as he had in the fall of 1931, the witness replied, not quite so pronounced probably, but it was that way all the time. Asked did any lift in 1931 cause him to report to the boss and give up his job, the witness replied, no, he was transferred instead at that time."

The testimony of the employee did not warrant a finding that he received a personal injury in October, 1931, which affected his capacity for work after December 31, 1931. It is at best doubtful whether it could have been found that the employee's lameness and more severe pain while employed in lifting apples amounted to a personal injury or was the result of a personal injury arising out of that employment. See *Sullivan's Case*, 265 Mass. 497, 499; *Burns's Case*, 266 Mass. 516; *Doyle's Case*, 269 Mass. 310. But in any event there is no evidence that the employee's lameness or increased pain continued for any length of time after he ceased to do that work or that his incapacity after December 31, 1931, was in any degree due to that work. So far as appears the lameness and increased pain were incidents of that work without lasting effect upon the employee's physical condition. The burden rested upon the employee of showing that the occurrences in October, 1931, were at least a contributing cause of his incapacity after December 31, 1931. *Panagotopulos's Case*, 276 Mass. 600, 605, 607. This burden has not been sustained. It is unnecessary to consider other grounds of defence argued by the insurer.

*Decree reversed.*
*Decree to be entered for the insurer.*