PASQUALE DI CLAVIO's (dependents') CASE.

Suffolk.    November 7, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act,* Reviewing board, Exceptions, Recommittal, Certification, Dependency. *Husband and Wife. Parent and Child.*

The findings, rulings, and decision made by a single member of the Industrial Accident Board in proceedings under the workmen's compensation act are superseded by those made by a reviewing board upon the same evidence.

Exceptions saved before a single member of the Industrial Accident Board in proceedings under the workmen's compensation act, but not urged before the reviewing board, have no standing as of right upon certification to the Superior Court.

Proceedings under the workmen's compensation act should be recommitted by the Superior Court to the Industrial Accident Board unless the record certified enables the court to determine whether or not correct rules of law have been applied to warranted findings of fact.

On evidence in proceedings under the workmen's compensation act, that the employee and his wife had separated by mutual consent twenty-four years before his death, that he had never seen her again and had not contributed to her support within a year before his death, and that he had lived in adultery with another woman and had filed a libel for divorce from his wife, the Industrial Accident Board could

find that his wife had not been deserted by him and was not living apart from him for justifiable cause, that she was not conclusively presumed to be dependent upon him under G. L. (Ter. Ed.) c. 152, § 32 (a), and that she was not in fact dependent upon him.

Under G. L. (Ter. Ed.) c. 152, § 32, an illegitimate child of a deceased employee, over eighteen years old and not incapacitated from earning, could not be presumed to be dependent upon the employee; and a finding was warranted that he was in fact not dependent though the employee had been supporting him in college.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation to both claimants.

In the Superior Court, there were entered by order of *Fosdick*, J., decrees denying the claimants' motions to recommit, and a final decree dismissing both claims. The claimants appealed.

*E. L. R. Lavalle*, for the claimant Di Clavio.

*E. E. Clark*, (*B. A. Petkun* with him,) for the claimant Conti.

*L. Brown*, (*E. Field & R. H. Field* with him,) for the insurer.

QUA, J. The questions presented are whether the claimants or either of them is entitled to compensation as a dependent of the deceased employee.

Facts which may be considered not in dispute are these: On March 20, 1933, the employee received an injury, when he was buried beneath a pile of coal at a wharf in Beverly where he was employed as foreman. He died the same day. His injury and death arose out of and in the course of his employment. In July, 1908, he married the claimant Innocenza Di Clavio in Italy. He lived with her there until the following March. It was then agreed between them for financial reasons that he should return to America, where he had previously been for some years, and that she should remain in Italy to take care of the parents of both parties. In accordance with this understanding he came back to America. So far as appears he has never returned to Italy and has never seen his wife since that time. A year or two later he became acquainted with a

married woman by the name of Conti, and they lived together as husband and wife at different times until his death. During the continuance of these relations, in 1913, the Conti woman gave birth to a son, who is the claimant Albert E. Conti. In 1932, the employee filed in this Commonwealth a libel for divorce which was pending at the time of his death.

The single member of the Industrial Accident Board who heard the case found in favor of both claimants. The reviewing board, upon the evidence heard by the single member, reversed his findings and decision as to both claimants, denied all requests for rulings of either claimant and dismissed both claims. The findings, rulings and decision of the reviewing board entirely superseded the action taken by the single member, which thereafter became of no importance. *Minns's Case*, 286 Mass. 459, 462. *McGowan's Case*, 288 Mass. 441, 443.

In the Superior Court each claimant filed a motion to recommit to the board for more specific findings. The court denied the motions and entered a final decree dismissing the claims.

Both claimants have argued, as a ground for recommittal, alleged errors in the admission or exclusion of evidence by the single member. But it does not appear that these matters were called to the attention of the reviewing board when the case was before it. Exceptions which were not insisted upon before the board cannot as of right be urged in the Superior Court. *Korobchuk's Case*, 277 Mass. 534, 537. *Phillips's Case*, 278 Mass. 194, 196. *Minns's Case*, 286 Mass. 459, 467.

Both claimants argue in substance that by reason of the failure of the board to make detailed subsidiary findings and because of their refusal to grant requests for rulings, the record has been left in such condition that it is impossible to determine whether or not the board proceeded in accordance with sound legal principles. We agree that it is the duty of the board so to deal with cases before it that when a certified copy of the record is presented to the Superior Court, that court can determine with reasonable

certainty whether or not correct rules of law have been applied to facts which could properly be found and that whenever a record presented does not conform to this standard it is the duty of the court to recommit the case to the board for further findings or rulings until a proper record is obtained, as the court would do where a case comes before it on a master's report. *Doherty's Case,* 222 Mass. 98. *Mathewson's Case,* 227 Mass. 470. *Brown's Case,* 228 Mass. 31, 38. *Sciola's Case,* 236 Mass. 407. *Emma's Case,* 242 Mass. 408, 414. *Lopes's Case,* 277 Mass. 581, 585, and cases cited. *Ward's Case,* 286 Mass. 72. This is a necessary part of the judicial review for which the workmen's compensation act provides. *Opinion of the Justices,* 251 Mass. 569, 615. In this case, however, construing the findings of the board in accordance with what we believe fairly appears to be their true meaning, we do not find that there has been any violation of this principle. The reasons will appear in connection with the separate discussion of each claim. It must be borne in mind throughout that the burden of proof was upon each claimant to establish affirmatively the facts necessary to support the claim.

1. The finding of the board that the employee's widow, the claimant Innocenza Di Clavio, "was not conclusively presumed to be dependent for support upon the deceased employee at the time of his injury and death" was intended as a finding that those facts which would make her a dependent as matter of law under G. L. (Ter. Ed.) c. 152, § 32 (a), had not been established. There is no reason to apprehend that the board did not have in mind the provisions of that section or that it misconstrued their meaning. The finding of the board is in part a paraphrase of the wording of the section. It means that the board was not satisfied either that the wife "was living apart for justifiable cause" or that her husband "had deserted her." The court was not required to insist upon subsidiary findings in greater detail. *Epstein* v. *Epstein,* 287 Mass. 248, 254, and cases cited. *Pearson* v. *Mulloney,* 289 Mass. 508, 513.

There is nothing in the evidence which compelled a contrary finding. The separation of the parties had begun in

mutual consent. This was neither desertion nor a living apart for justifiable cause. The subsequent adultery of the husband would have justified the wife in refusing to live with him, but it did not require the board to find that it was in fact the cause of the continued separation. The board was not required to find that she knew of it at any time when she would otherwise have been willing to live with him, or even that she ever knew of it. His filing of a libel for divorce against her in 1932 was a definite admission of his unwillingness to live with her, but it did not establish the fact that her original consent to the separation was at an end. Pertinent principles of law are discussed in *Lea* v. *Lea*, 8 Allen, 418, *Ford* v. *Ford*, 143 Mass. 577, *Kendrick* v. *Kendrick*, 188 Mass. 550, and *Newman's Case*, 222 Mass. 563. The board might have refused to believe evidence favorable to this claimant and might have taken the view on all the evidence that the marriage was originally one of convenience more than of affection, and that both spouses, having lived wholly apart in different countries for twenty-four years, had ceased to be interested in each other and remained content that a separation begun by agreement should so continue. *Broadbent's Case*, 240 Mass. 449.

The further finding of the board that this claimant received no support from the employee during the year preceding his death amply justifies the conclusion that she was not dependent upon him in fact at the time of the injury. G. L. (Ter. Ed.) c. 152, §§ 1 (3), 32.

This claimant's requests for rulings made to the reviewing board were properly denied. Some of them are covered by what has been said. Others assume facts which the board was not obliged to find or ask the board to rule that various isolated bits of fact are evidence of various other facts. *Commonwealth* v. *Polian*, 288 Mass. 494, 498. Still others have become immaterial in view of the findings made.

2. The claimant Albert E. Conti cannot possibly be "presumed" to have been dependent under § 32. He was not the legitimate child of the employee. *Gritta's Case*, 236 Mass. 204. He was over eighteen years of age and he admitted that he was not incapacitated from earning. G. L.

(Ter. Ed.) c. 152, § 32 (c). His dependency is therefore to be "determined in accordance with the fact as the fact may be at the time of the injury." §·32. And he must be "dependent upon the earnings of the employee for support at the time of the injury." § 1 (3). The finding of the board that he "was not dependent upon the earnings of the deceased for support at the time of injury" is a categorical finding of pure fact almost in the words of the statute. No ruling of law is concealed in it. It requires no elaboration or explanation by way of further or more detailed finding. It is fatal to the claim.

There was nothing in the state of the evidence which precluded the board from making this finding. Conti was a college student at the time of the injury to the employee. There was much evidence that he was then being maintained at the sole expense of the employee. But this, if believed, was not conclusive that he was dependent. A college education was not shown to be a necessary part of Conti's support. *Moskow* v. *Marshall*, 271 Mass. 302. He had worked before he went to college and he worked after he left. He was an intelligent young man between nineteen and twenty years of age. It could be found that he was entirely capable of supporting himself. *Ferriter's Case*, 269 Mass. 267.

The requests for rulings made by this claimant to the reviewing board have been rendered immaterial by the finding.

It follows from what has been said that there was no error in refusing to recommit the case or in the final decree.

*Decrees affirmed.*