HARRY BELEZARIAN'S CASE.

Worcester.   September 24, 1940. — December 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Procedure:
    requests for rulings; Reviewing board.

Incapacity of a laster of shoes due to gradual impairment of his wrists
    and hands through heavy work over a long period of time, and not
    to any specific trauma connected with the work, was not a personal
    injury within G. L. (Ter. Ed.) c. 152, § 26, and was not compensable.
In proceedings under the workmen's compensation act, the reviewing
    board is not required to consider requests for rulings of law as to the
    legal effect of facts that might warrantably be found by the board
    on the evidence.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board dismissing a claim for compensa-
tion.

A final decree was entered by order of *Giles*, J., in accord-
ance with the decision of the board.

*J. F. Driscoll*, (*H. H. Hartwell* with him,) for the claimant.
*S. S. Bean*, for the insurer.

LUMMUS, J.   The single member, the reviewing board,
and the Superior Court, all decided against the employee,
and his claim for compensation was dismissed on the ground
that he failed to show a personal injury.   His appeal brings
the case here.

The employee is and has been for many years a laster
of shoes.   Much strength is required in putting shoes on a
last.   He pounds on them with an iron hammer weighing
three or four pounds.   On October 14, 1938, after lasting
two cases of thirty-six pairs each, he felt a sharp pain while
pounding, and dropped the hammer.   Pain and stiffness in
his hands, wrists and arms began about three years before
that.   The employee gave a statement containing the fol-
lowing: "I don't recall at any time of having strained the
wrists or of injuring them in any way.   I think what caused

the trouble was just doing the same thing with my hands day after day for all these years. I never hurt my wrists or any of my joints in any way during my life." An impartial physician reported (G. L. [Ter. Ed.] c. 152, § 9) that in his opinion the incapacity of the employee is not "due to any specific trauma connected with his work but rather to the continued use of his wrists and hands in pulling the material used in his occupation as laster over a long period of time." The finding of the reviewing board that the employee did not suffer a personal injury was warranted by the evidence. Gradual wearing out of the body through years of toil is not a "personal injury" within G. L. (Ter. Ed.) c. 152, § 26. *Maggelet's Case*, 228 Mass. 57, 61. *Doyle's Case*, 269 Mass. 310. *Reardon's Case*, 275 Mass. 24, 27. *Gee's Case*, 283 Mass. 23, 26.

Before the reviewing board the employee presented seven requests for rulings of law. The board denied those numbered 1, 2 and 6, and declared that the others were inapplicable. The sixth request had as its condition the suffering by the employee of a series of strains to his hands or wrists. There was evidence from a physician that in his opinion the employee was suffering from the effect of such a series of strains. Upon this evidence the board might have found the facts to exist upon which the requested ruling was based.

In many cases it has been assumed that a party has a right to require a reviewing board in a workmen's compensation case to grant or deny requested rulings of law, conditioned upon the finding of particular facts warranted by the evidence. In *Gagnon's Case*, 228 Mass. 334, the decree was reversed because of the refusal of such a requested ruling. But never has the right to make such requests, or the basis of such a right, been expressly considered.

After trial without jury in civil cases at common law was authorized by St. 1857, c. 267, § 1, there was danger, since a judge was not bound to find the facts specially, that his general finding might, unknown to the parties, be based upon some erroneous view of the law entertained by him. To obviate that danger, and to separate the law from the

fact, requests for rulings were invented. By analogy to requested instructions to a jury, a judge in his strictly judicial capacity can be required to instruct himself, in his capacity as substitute for the jury, as to the nature of the general finding that the law would require if he should find the particular facts which form the condition of the request. *Graustein* v. *Dolan*, 282 Mass. 579, 583, and cases cited. *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 471–472.

It does not follow that that practice is applicable to all cases heard by judicial or *quasi* judicial tribunals. In equity, for example, where the evidence can be fully reported to this court for review of fact as well as law on appeal, and the judge can be required to find the material facts specially, there is little or no need of requests for rulings. Accordingly, if any right to present requests for rulings exists in any equity case heard by a judge, the right is closely restricted. *Graustein* v. *Dolan*, 282 Mass. 579, 583–584. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393. *Restighini* v. *Hanagan*, 302 Mass. 151, 154.

But in equity cases heard before a master, who is commonly not required to report the evidence, nor permitted to go beyond the finding of the facts into ruling as to the legal effect of the facts found, the practice of requests for rulings has been adopted to a limited extent, and "the parties have a right to submit to a master requests for rulings of law which are involved in matters which he is to decide." *Warfield* v. *Adams*, 215 Mass. 506, 519. *Long* v. *Athol*, 196 Mass. 497, 507. *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258, 263. *Meier* v. *First Citizens Bankers Corp.* 301 Mass. 410, 413. *Chopelas* v. *Chopelas*, 303 Mass. 33, 37–38.

Workmen's compensation cases are not precisely like any of those discussed. Whether requests for rulings shall be recognized in them is a question governed by no statute and no general principle of law, but to be determined by the spirit of the workmen's compensation act and the requirements of justice and practical convenience. The board may not, as a judge without jury in a common law case may,

make a naked general finding, nor may the board make a finding consisting of a categorical repetition of the statutory words governing compensability. "It is the duty of the board so to deal with cases before it that when a certified copy of the record is presented to the Superior Court, that court can determine with reasonable certainty whether or not correct rules of law have been applied to facts which could properly be found and . . . whenever a record presented does not conform to this standard it is the duty of the court to recommit the case to the board for further findings or rulings until a proper record is obtained, as the court would do where a case comes before it on a master's report." *Di Clavio's Case*, 293 Mass. 259, 261–262. *Rozek's Case*, 294 Mass. 205, 207. *Cahill's Case*, 295 Mass. 538, 539. *Filosa's Case*, 295 Mass. 592, 596. *Evans's Case*, 299 Mass. 435, 437, 438. *Demetrius's Case*, 304 Mass. 285, 286–287. See also *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 436. There is, therefore, no such need of requests for rulings as in trials without jury in common law cases. The statute provides that "process and procedure shall be as simple and summary as reasonably may be." G. L. (Ter. Ed.) c. 152, § 5. Members of the Industrial Accident Board may be, and in its history often have been, laymen not learned in the law. In this, the board differs from a master. The ingenuity of counsel, if given free rein in the framing of requests for rulings, often results in a great number of requests that tax the learning and skill of highly trained judges. See for examples *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 382; *Learned* v. *Hamburger*, 245 Mass. 461, 473; *Phillips* v. *Vorenberg*, 259 Mass. 46, 55–58; *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 195; *Capano* v. *Melchionno*, 297 Mass. 1, 8, 9; *Boston* v. *Dolan*, 298 Mass. 346, 348, 349; *Dolan* v. *Commonwealth*, 304 Mass. 325, 330, 342–343. A practice that permits such results could hardly be described as simple. On the whole, we think that the rule quoted from *Di Clavio's Case*, 293 Mass. 259, enables the parties in most instances sufficiently to see that erroneous views of the law are not concealed in general findings, and that the recognition as of right in workmen's

compensation cases of requests for rulings as to the legal effect of facts that might be found by the board would not be an aid to justice. In our opinion the reviewing board was not required to consider the requests in this case, and had the right to ignore them.

What has just been said may not apply to requests for rulings that deal with the technic of finding the facts, such as the burden of proof. As in the case of masters in equity, it is not easy to see how a party could make sure of the correct application of the law governing the burden of proof except by requests for rulings. But the requested rulings in the present case were not of that nature.

A reviewing board may make rulings of law material to its decision, and those rulings may take the form, if the board sees fit, of granting or denying requested rulings. In the present case the board purported to deal with requests for findings of fact as well as requests for rulings of law. It denied all the requests for findings of fact, although it was not bound to consider them. It denied three out of seven requests for rulings of law, and asserted that the other four were inapplicable. We think that the board intended to pass upon the material propositions of law and fact presented by the requests. See *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393; *Restighini* v. *Hanagan*, 302 Mass. 151, 154. The only requested ruling of law that causes difficulty is the one numbered 6, which reads as follows: "If the employee as a result of the continued use of his hands and wrists during the course of his employment suffered a series of strains to his hands and wrists, no one of which separately was sufficient to incapacitate him but the accumulative effect of all these strains was such that he was incapacitated, he has sustained a personal injury within the meaning of the workmen's compensation act . . . ." The fourth finding of fact requested was "that the condition of the employee was accelerated by the unusual strain and exertion of the employee in the performance of his work as a laster." The evidence showed that the words "unusual strain" in the fourth requested finding of fact meant the same thing as the word "strains"

in the sixth requested ruling of law, namely, trauma or lesion as distinguished from the gradual impairment of the body by heavy labor. The denial of the fourth requested finding amounted in our opinion to a finding that there was no strain that had causal relation to the disability, and destroyed the basis of the sixth requested ruling of law. The finding of the board in favor of the insurer appears to have been made without error on the ground that the disability resulted from a gradual wearing out of the tissues without any lesion amounting to a "personal injury."

*Decree affirmed.*