## William F. Amon's Case.

Suffolk. May 4, 1943. — December 27, 1943.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Incapacity; Jurisdiction of Industrial Accident Board; Agreement as to compensation; Further compensation; Impartial physician; Procedure: exceptions, requests for rulings, certification. *Proximate Cause. Evidence,* Opinion: expert.

On a record which included all material evidence, a finding by a reviewing board, adopting findings which a single member of the Industrial Accident Board had made after a hearing where there was conflicting testimony by several medical experts and after reports by impartial physicians, that the employee had failed to sustain the burden of proving that a disability commencing in July, 1940, was causally related to an injury consisting of a scratch of a finger in July, 1937, followed by an infection, abscesses and phlebitis, was warranted and must stand.

In proceedings under the workmen's compensation act, the reviewing board is not required to consider requests for rulings of law as to the legal effect of facts that might warrantably be found by the board on the evidence.

A bill of exceptions is not the proper method of presenting exceptions saved in a proceeding under the workmen's compensation act.

A question as to the admission or exclusion of evidence by a single member of the Industrial Accident Board in a proceeding under the workmen's compensation act is not presented to either the Superior Court or to this court unless raised by exception duly saved before the reviewing board.

The Industrial Accident Board under §§ 12, 29, of the workmen's compensation act had jurisdiction of a claim by an employee for further compensation after there had been a discontinuance, assented to by him, of payments made under a compensation agreement between him and the insurer.

A report of an impartial physician in a proceeding under the workmen's compensation act was not open to attack on the mere ground that the report was based in part on hospital records made by others.

A refusal by the Industrial Accident Board to certify to the Superior Court any papers, beyond those required to enable the court to determine with reasonable certainty whether correct rules of law had been applied to facts which properly could be found, disclosed no error.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board.

The case was heard by *Fosdick*, J.

*W. F. Amon*, pro se, submitted a brief.

*W. I. Badger, Jr.*, for the insurer.

DOLAN, J. This workmen's compensation case comes before us on the appeal of the employee from a decree entered in the Superior Court dismissing his claim for compensation, in conformity with the decision of the Industrial Accident Board.

All the material evidence appears in the record. G. L. (Ter. Ed.) c. 152, § 8. The single member's decision contains the following findings of fact: On July 21, 1937, while in the employ of the Compo Shoe Machinery Corporation and engaged in his work of assembling machines, the employee scratched the middle finger of his right hand. Two days later he was admitted to a hospital on account of an infection in that finger, and on July 25, 1937, he was operated upon for an abscess overlying the "distal phalange" of the finger. On August 13, two "phalanges" of the finger were amputated. On August 27, 1937, he was discharged from the hospital though "still running a slight septic temperature." He was readmitted to the hospital on August 30 and remained there until October 16, 1937, for care of this condition of his finger and an "abscess of his left buttock and

a phlebitis of the left leg." Later, an extensive swelling of the left leg developed and extended "from the toes up to the groin." There was "pitting edema present over the tibia," and at that time "his case was diagnosed as 'a deep phlebitis' or a 'lymphangitis with blocking of lymphatic.'" Prior to his injury he had enjoyed good health but since his injury "he has never been entirely free from symptoms." He was paid compensation under approved agreements "up to January 3, 1938, when he signed an agreement to discontinuance of compensation and returned to work." Since July 15, 1940, he has been unable to work or even to walk properly. On July 24, 1940, he was admitted to the Baker Memorial Hospital for study because of inability to get about actively and because of weakness in his left leg and left arm. On March 28, 1941, he was admitted to the Boston City Hospital for study by an impartial neurosurgeon, Dr. Munro, and on February 18, 1942, was examined by Dr. Allen, designated as an impartial physician, who was a specialist in vascular diseases.

Following these findings the single member summarized the testimony of Dr. Sziklas, a general surgeon who had been called as witness by the employee, to the effect that in his opinion "the employee had a blood stream infection, the germs of which entered the system originally through the infected finger; that this blood stream infection has produced a neuritis and inflammation of the spinal cord which was the cause of the employee's disability"; that "there must be something wrong with the spinal cord, which he calls inflammation"; that he did "not know whether there was anything that would point out the presence of specific bacteria that would have effect on the spinal cord"; that he "just argues 'that there must be some such agent there,'" but had "not heard of a case like this or read about one in literature."

The single member then contrasted the testimony of that doctor with that of the impartial neurosurgeon, Dr. Munro, to the effect that the employee was then suffering from a chronic degenerative disease of the spinal cord (and possibly of the cerebellum) which may be either "multiple sclerosis

or amyotrophic lateral sclerosis"; that neither of these conditions is industrial and in the light of the employee's history "neither can be ascribed to such an antecedent cause as is present in this patient"; that in his opinion his present condition "has no significant relationship with the injury that he sustained in July, 1937"; that it is "debatable as to whether or not his present disability is contributed to in a small way by the residual phlebitis and the associated impaired circulation in the left leg"; that although "certainly present . . . [he] believe[s] that it is of little significance in relation to his activity and his ability to work," but that such as it is "this part of his symptoms may be and should be traced to the infection in his finger in July, 1937."

The single member then referred to the testimony of Dr. Allen, the impartial vascular expert, to the effect that the employee has a little residual swelling from the phlebitis which followed his injury, but that all people who have had phlebitis have some residual swelling and that this, although annoying, does not handicap them from the usual occupations, and would not handicap the employee "if he had not had an intercurrent condition develop."

The single member after contrasting the testimony of Dr. Munro and Dr. Sziklas, in terms tending to indicate that he placed more reliance upon the opinions expressed by Dr. Munro, concluded his decision thus: "In view of the foregoing evidence and inferences therefrom, I find and rule that this employee has failed to sustain his burden of proving that any disability which he had subsequent to July 15, 1940, was related to his injury of July 21, 1937. His claim for further compensation is therefore and hereby dismissed."

After the proceedings before the single member and the filing of an impartial report by Dr. Allen, the employee filed certain documents which "he styled as follows: 'William F. Amon Motion to Strike Out Medical Report and Claim an Exception if not Struck Out,' and 'William A. Amon Claim of Exceptions.' These documents [the single member stated] apparently raise an objection to all of Dr. Allen's report generally, together with the questions put

to him by the board member and to certain parts of Dr. Allen's reports specifically.  No reasons are set forth in either one for the objection raised and said objections are overruled and said motions, if they mean motions, are denied."  This action of the single member was not erroneous.  See *Indrisano's Case*, 307 Mass. 520, and cases cited.

In their findings and decision upon review, the board recited that the employee presented several papers to the board "titled" as follows:  "(1) William F. Amon's motion to dismiss this action for lack of jurisdiction.  (2) Employee's bill of exceptions.  (3) William F. Amon's motion to strike the following evidence from the single member's report.  (4) William F. Amon request for rulings of law.  (5) Plaintiff's brief on the law.  All such papers are made part of this record by reference."  The board denied his motion to dismiss the claim for lack of jurisdiction, and his motion to strike out certain evidence; and declined to act with reference to his bill of exceptions and to act upon his requests for rulings, having stated that the "report and decision of the single member and this decision" of the board "contain all the evidence and constitute the record in the case."  The board on consideration of all the evidence affirmed and adopted the findings and decision of the single member, and denied the employee's claim for further compensation.

It is settled that the decision of the board "is to stand unless it is unsupported by the evidence, including all rational inferences that the testimony permitted."  *Sawyer's Case*, ante, 75, 76, and cases cited.  An examination of the evidence discloses that, with respect to whether the disability for which claim is now made was a consequence of the original injury sustained by the employee, the testimony was conflicting.  The testimony of Dr. Sziklas would warrant a finding that the present disability did arise out of the original injury, which arose out of and in the course of the employee's employment.  On the other hand, there was evidence that would warrant a finding that it was not causally related to the original injury.  The burden of prov-

ing by a fair preponderance of the evidence that the disability for which claim is now made was due to an injury which arose out of and in the course of his employment rested upon the employee. *Rozek's Case*, 294 Mass. 205, 207–208. *West's Case*, 313 Mass. 146, 155. *Sawyer's Case*, *ante*, 75, 76. The credibility of the witnesses and the weight to be given to their testimony were for the determination of the single member and the board. *Mallory's Case*, 231 Mass. 225, 227. *Griffin's Case*, *ante*, 71, 73. The question for determination in the present case was one of fact, the answer to which largely, if not wholly, depended upon the testimony of persons skilled in such matters. The board adopted the findings and decision of the single member upon "all the evidence," which, except as to parts not in controversy, consisted of the testimony of the physicians which the single member summarized in his decision, and of other physicians, which is reproduced in great detail. We are of opinion that on all the evidence it cannot be rightly said that the board were not justified in concluding, as did the single member, that they were not satisfied that the employee had sustained the burden of establishing his claim. They were not required to believe the testimony of Dr. Sziklas, and the conclusion reached by the board was tantamount in effect and result to a finding that the disability for which claim is now made did not result from an · injury arising out of and in the course of the employee's employment. See *Judkins's Case*, *post*, 226. Such a finding would be warranted on the evidence.

There was no error in the denial by the board of the employee's requests for rulings, for the reasons that are fully stated in *Belezarian's Case*, 307 Mass. 557.

There was no error in the action of the board in declining to consider the employee's so called bill of exceptions. The exceptions to the admission or exclusion of evidence in the proceedings before the single member could not avail the employee. Questions of evidence are not brought to the Superior Court unless shown to have been raised before the reviewing board, and bills of exceptions are unknown in workmen's compensation cases. The rules governing

practice relative to perfecting exceptions before the reviewing board in such cases are fully set forth in *Indrisano's Case*, 307 Mass. 520, with citation of authorities.

The board did not err in denying the employee's motion to dismiss the case for lack of jurisdiction. In this regard the employee contends that he erred in bringing his claim to the Industrial Accident Board, arguing that the proceeding is one in truth to enforce the original agreement, a proceeding of which only the Superior Court has jurisdiction under G. L. (Ter. Ed.) c. 152, § 11, as amended. This contention is untenable. The present proceeding is not one to enforce the original agreement for compensation, but is one for further compensation under the right reserved in the agreement for discontinuance. The agreement for compensation is a final determination of the facts of liability, employment and injury arising out of and in the course of employment. But it is not a final determination of the extent of the injury or the payment to be made (except as to payments for the period covered, see *West's Case*, 313 Mass. 146, 153), and the mere filing of such an agreement does not, once it has been ended as in the present case under §§ 12, 29, deprive the Industrial Accident Board forever of jurisdiction to entertain a claim for further compensation arising out of the same occurrence. *MacKinnon's Case*, 286 Mass. 37, 38–39, and cases cited. *West's Case*, 313 Mass. 146, 153, and cases cited.

The attack made by the employee upon the qualifications of the impartial physicians and upon their examinations, because they were based in part on hospital records made by others, is without merit. There is nothing in the record to show that their testimony was not based in the last analysis upon their own study of the employee, and nothing to show any disqualification or lack of qualification on their part. See *Mattison's Case*, 305 Mass. 91.

There was no error in the action of the board in refusing to recommit the record to the single member for certification of twenty-nine papers of one character or another which had been presented to the single member, nor in the action of the board in refusing to certify them because they were

"certifying all papers which . . . [were] properly part of the evidence" and would certify no others. An examination of the list of papers, some of which are in fact set out in the record, discloses no error. It is "the duty of the board so to deal with cases before it that when a certified copy of the record is presented to the Superior Court, that court can determine with reasonable certainty whether or not correct rules of law have been applied to facts which could properly be found." *Di Clavio's Case,* 293 Mass. 259, 261–262. *Belezarian's Case,* 307 Mass. 557, 560. The record discloses no failure on the part of the board in this respect.

Other contentions of the employee need not be considered. They are all disposed of by what we have said above.

*Decree affirmed.*