We conclude that the judgments below should be affirmed.

NEIDEN BAR AND GRILL, INC., AND GRANT LUNCH COR-PORATION, APPELLANTS, v. MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF NEWARK, IRVING GOLD AND ISSIE'S TAVERN, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 26, 1956—Decided April 16, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Daniel G. Kasen* argued the cause for the appellants (*Messrs. Kasen, Schnitzer & Kasen,* attorneys).

*Mr. Samuel B. Helfand,* Deputy Attorney-General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. Grover C. Richman, Jr.,* Attorney-General).

*Mr. Sidney S. Jaffe* argued the cause for respondent Issie's Tavern, Inc. (*Messrs Milton M. and Adrian M. Unger,* attorneys).

The opinion of the court was delivered by

FRANCIS, J. A. D. The Municipal Board of Alcoholic Beverage Control of the City of Newark approved the transfer of a plenary retail consumption liquor license from Irving Gold to Issie's Tavern, Inc., a New Jersey corporation. The license related to premises at 308-312 Market Street, Newark, New Jersey. Appellants, competitors in the area, opposed the transfer on the ground that Issie Chernichaw, president

and principal stockholder of Issie's Tavern, Inc., is not a fit person to hold a liquor license. The approval was reviewed by the division of alcoholic beverage control where, after a *de novo* hearing, the director affirmed the local board. Further appeal is now pursued in this court.

■■ In order to obtain a transfer of a license of the type involved here, the transferee must qualify as an original licensee. *N. J. S. A.* 33 :1–26. Under *N. J. S. A.* 33 :1–25, to obtain a retail license a person must be a citizen of the United States and a resident of New Jersey at the time of submission of the application. He cannot qualify if under 21 years of age, if he has been convicted of crime involving moral turpitude or twice convicted in a court of criminal jurisdiction of violation of the Alcoholic Beverage Control Act. A corporation meets the requirements of the statute if each direct or indirect owner of more than 10% of its stock comes up to the legislative standards prescribed for an individual applicant.

At the hearing before the local board, appellants did not undertake to show that Chernichaw lacked any of these statutory attributes. Rather, in order to sustain the claim that he was not a fit person, evidence was adduced to indicate that in the course of operating another tavern he had engaged in certain "deceptive" practices when selling drinks over the bar. The schemes need not be described in detail. It is sufficient to say, for purposes of illustration, that Chernichaw's advertising stimulated the thought in the customer's mind that the purchase of a double drink or a "double-double hooker"—as it was delicately and euphoniously called —would make him the beneficiary of a bargain—a quantity discount. But the director, a quantitative analyst and an iconoclastic mathematician, discovered that the double drink contained twice the content of a single drink at twice the price, and the "double-double hooker" contained four times the quantity of a single drink at four times the price. The illusion of a bargain having been thus shattered, the director banned the project. Under the regulations, any practice which is designed or tends to encourage unduly a desire for

the purchase of over the bar drinks is condemned as not in the public interest. Chernichaw yielded and no disciplinary action was taken against him.

However, appellants, being wary of such an ingenious mind in a competitor, and fearful that he would ignore the director's injunction, or worse yet, devise a new and better "mouse trap" which might make their patrons beat a path to his door, charged that the public interest would be served only by a judgment declaring his unfitness to be the transferee of the license in question. But neither before the local board nor before the director was any substantial evidence adduced to establish that Chernichaw intended to engage in proscribed practices at the new address.

In granting the transfer, the municipal commissioners who heard the matter said:

"After carefully considering all the evidence and the facts and circumstances in this case, Commissioner Walsack and I decided that the application for a person to person transfer should be approved. We could find no sound or reasonable basis for denying this application for transfer.

It was only the testimony of several objectors who *assumed* that the applicant would operate a cut rate establishment and by so doing would create a situation in the Market Street area that would be dangerous and undesirable."

On appeal to the director, the cause was heard *de novo*. *N. J. S. A.* 33:1-22; 33:1-39; *Rule* 6, *Regulation* 15 of the Division of Alcoholic Beverage Control; *Rajah Liquors v. Division of Alcoholic Beverage Control*, 33 *N. J. Super.* 598 (*App. Div.* 1955); *Cino v. Driscoll*, 130 *N. J. L.* 535 (*Sup. Ct.* 1943). However, the additional testimony taken did not add to the substance of the record made at the municipal level.

The director likewise sanctioned the transfer of the license. In the conclusions filed, he said:

"No testimony was introduced to indicate that Mr. Chernichaw does not meet the statutory qualifications (*R. S.* 33:1-25) nor was his personal reputation impugned. On the contrary, it appears that Mr. Chernichaw has been identified with liquor licenses for about

twenty years, during which time no disciplinary proceedings were instituted against him or the corporate licensees in which he was a principal shareholder. The grounds upon which appellants predicate their objections to the transfer of the license in question are speculative. The evidence fails to establish that Mr. Chernichaw is unfit to hold a license or to be a stockholder in a corporate licensee. * * *."

The notice of appeal which brings the matter to us properly seeks a review of the "final decision of the Director * * * in granting" the transfer. But the only ground of appeal urged in the brief is that the approval should be reversed because of the failure of the *municipal board* to make findings with respect to the objections raised there.

We incline to the view that the board properly characterized the appellants' objections as mere assumptions that trade practices inimical to the public interest would be engaged in by Issie's Tavern, Inc., upon approval of the license transfer. In any event, postulating a duty to make findings and that they were not made, we fail to see that any prejudice resulted which would justify a reversal.

■ The order of the municipal board is not the subject of this appeal. It was taken, and necessarily so, from the action of the director. His review was plenary and resulted in independent findings and decision. And nowhere is it suggested that his conclusion was not justified by the evidence.

■■ In the administrative hierarchy created by the statute for the conduct of such proceedings, the director provides the final agency review. His findings and decision entirely supersede the action taken at the original hearing level. *Khachadoorian's Case,* 329 *Mass.* 625, 110 *N. E. 2d* 115 (*Sup. Jud. Ct.* 1953); *Wall v. Registrar of Motor Vehicles,* 329 *Mass.* 70, 106 *N. E. 2d* 425 (*Sup. Jud. Ct.* 1952); *Marshall v. Registrar of Motor Vehicles,* 324 *Mass.* 468, 469, 87 *N. E. 2d* 7, 8 (*Sup. Jud. Ct.* 1949); *McLean's Case,* 323 *Mass.* 35, 80 *N. E. 2d* 40, 42 (*Sup. Jud. Ct.* 1948); *Hayes v. Joseph E. Seagram & Co.,* 222 *Ind.* 130. 52 *N. E. 2d* 356 (*Sup. Ct.* 1944); *DiClavio's Case,* 293 *Mass.* 259, 199 *N. E.* 732, 733 (*Sup. Jud. Ct.* 1936); 73

*C. J. S., Public Administrative Bodies and Procedure,* § 159c, *p.* 503.

██ Apparently realizing the vulnerability of their position, appellants filed a reply brief which in substance attacks the adequacy of the director's findings. Passing the question as to whether the new note can be injected into the appeal at this late stage, examination of them satisfies us that they sufficiently dispose of the merits of the case.

The order is affirmed.