PHILLIP CASSOLA'S CASE. No. 00-P-697. February 28, 2002. *Workers' Compensation Act,* Incapacity, Average weekly wages, Presumptions and burden of proof.

A single justice of this court reported to us the employee's appeal from a decision of the reviewing board of the Department of Industrial Accidents (reviewing board) affirming the decision of an administrative judge denying the employee partial incapacity compensation benefits pursuant to G. L. c. 152, § 35. The administrative judge ruled in denying the employee's claim that he had earned in excess of his pre-injury average weekly wage during the period of time at issue.

1. *Undisputed facts.* The employee was an assistant manager of Trendlines (employer), a retail golf equipment store. On April 11, 1995, the employee suffered a back injury while lifting a case of golf balls. He treated with several doctors over the next several days and was unable to perform the physical tasks required by his job. On May 1, 1995, the employee was fired. At that time, his pre-injury average weekly wage was $549.97.

The employee subsequently went to work for a Honda dealership selling cars but left after one week because he was unable to perform the job due to back pain. On July 10, 1995, he underwent six hours of back surgery.

In November of 1995, he found employment at a Ford dealership and has worked there ever since. The employee works less than full time (thirty-five hours per week) because of his continuing back pain. He has used all of his personal days to deal with flare-ups in his back pain.

The employee has "good" earning weeks and "bad" earning weeks. His "bad" earning weeks are below his pre-injury average weekly wage, while his "good" weeks exceed it. In 1996, the employee earned $38,647.62, averaging $743.22 per week. In 1997, he earned $36,345.20, averaging $698.95 per week. The average for each year exceeds the employee's pre-injury average weekly wage of $549.97.

2. *Discussion.* The administrative judge found that the employee was partially disabled because of his April 11, 1995, work injury. The judge, however, rejected the employee's argument that he should be paid G. L. c. 152, § 35, benefits for the weeks that his earnings fell below his pre-injury

---

[2]The motion judge noted: "[w]hat Feeney's Complaint omits, however, is any suggestion that [NET] disseminated the defamation."

average weekly wage because the judge did not find that the employee's low earning weeks were attributable to his injury. Rather, the administrative judge determined that "the nature of the business of selling automobiles is such that a salesman's income will naturally fluctuate," and, therefore, the employee will have "good" and "bad" earning weeks. The employee claims error.

The administrative judge's decision was neither arbitrary, capricious, nor contrary to law. Partial incapacity benefits are paid for the loss of earning capacity caused by the industrial injury. *Scheffler's Case*, 419 Mass. 251, 256 (1994). *Bradley's Case*, 46 Mass. App. Ct. 651, 653 (1999). See Locke, Workmen's Compensation § 321, at 376 (2d ed. 1981) ("The goal of disability adjudication is to make a realistic appraisal of the medical effect of a physical injury on the individual claimant and award compensation for the resulting impairment of earning capacity, discounting the effect of all other factors"). Partial incapacity benefits are calculated as "sixty percent of the difference between [the employee's] average weekly wage before the injury and the weekly wage he or she is capable of earning after the injury . . . ." G. L. c. 152, § 35, as amended by St. 1991, c. 398, § 63. The determination of the employee's earning capacity must be made pursuant to G. L. c. 152, § 35D, which states in relevant part that "the weekly wage the employee is capable of earning, if any, after the injury, shall be the greatest of the following: — (1) The actual earnings of the employee during each week. . . . (4) The earnings that the employee is capable of earning."

In a workers' compensation case, the employee has the burden of proof as to all the elements of the claim including his entitlement to partial incapacity benefits. *Nowak's Case*, 2 Mass. App. Ct. 498, 501 (1974). Locke, *supra*, § 502. Here, the employee failed to meet his burden of proving that his low earning weeks were attributable to his injury, and not as the administrative judge found, that his "bad" earning weeks were due to the nature of the business of selling automobiles.[1] Rather, the administrative judge ruled that the low weeks were caused by the nature of the business of selling automobiles.

Although the administrative judge did not refer to the statute in his decision, his discussion clearly shows that he conducted the analysis required by §§ 35 and 35D, and that his decision to deny and dismiss the employee's claim was based on "[t]he earnings that the employee is capable of earning," G. L. c. 152, § 35D(4), which were in excess of his pre-injury average weekly wage. There was no error.

The decision of the reviewing board is affirmed.

*So ordered.*

*Thomas J. Roccio* for the employee.
*Paul M. Scannell* for the insurer.

---

[1]The employee misreads our decision in *Bradley's Case, supra.* In that case, the issue was whether vacation pay should be considered actual earnings or a fringe benefit. 46 Mass. App. Ct. at 653. We neither discussed what the employee was "capable of earning," see G. L. c. 152, § 35D(4), nor held that subsection (1) was the only provision of G. L. c. 152, § 35D, that may be applied when an employee returns to the labor force after an injury. Indeed, such a reading would render meaningless § 35D's mandate that the court assess as the employee's earning capacity the "greatest" of the four options set forth in the statute.