NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1387

EMMANUEL F. JOSEPH'S CASE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Emmanuel F. Joseph (employee), a flight attendant for JetBlue Airways Corporation (JetBlue), filed a claim with the Department of Industrial Accidents (DIA) for worker's compensation benefits, alleging that he had suffered a workplace injury when, during a particularly turbulent flight, a metal cart crushed his hand and broke his finger.  An administrative judge of the DIA found that the employee was entitled to a period of benefits for physical injuries for a closed period of benefits and that decision was summarily affirmed by the DIA's reviewing board (board).  We affirm.

Background.  We summarize the relevant facts found by the administrative judge and adopted by the board.  In 2020, the employee worked as a flight attendant for JetBlue.  On November 19, 2020, during a turbulent flight between Fort Lauderdale,

Florida and Boston, Massachusetts, the employee claimed that his right hand was injured when a food cart in the airplane's galley tilted backwards and crushed his hand. Five days later, the employee was treated at Quincy Internal Medicine and referred to the care of Dr. Martin Dolan. Dr. Dolan diagnosed the employee as suffering a fracture of his fourth metacarpal of his right hand.

The administrative judge conducted a hearing, during which he considered the testimony of the employee, the depositions of the employee's medical providers, as well as several exhibits. The judge found the employee credible and credited his testimony that his hand was injured by the cart during his employment with JetBlue. On appeal, JetBlue's workers' compensation insurer (insurer), claims that the employee has failed to establish causation because the lack of medical testimony that the cart caused the injury to his hand is fatal to his claim. We disagree.

Discussion. Under G. L. c. 152, § 12 (2), we review the decision of the board in accordance with G. L. c. 30A, § 14 (7) (a)-(d) and (f)-(g). See MacDonnell's Case, 82 Mass. App. Ct. 196, 201 (2012). "We may reverse or modify the board's decision where it is based on an error of law, or is arbitrary, capricious, or otherwise not in accordance with law." Wilson's Case, 89 Mass. App. Ct. 398, 400 (2016). Where the board has

2

summarily affirmed the administrative judge's findings, the reviewing court must review the "findings and reasoning of the administrative judge."  Dalbec's Case, 69 Mass. App. Ct. 306, 313 (2007).

In a workers' compensation case, "an employee has the burden of establishing, by a preponderance of the evidence, all the elements of h[is] claim for workers' compensation benefits, including the fact of the requisite causal connection between h[is] injury and workplace events or conditions; and . . . []he cannot prevail if any critical element is left to surmise, conjecture or speculation or otherwise lacks evidential support."  Patterson v. Liberty Mut. Ins. Co., 48 Mass. App. Ct. 586, 592 (2000).  Accord Cassola's Case, 54 Mass. App. Ct. 904, 905 (2002).  In cases beyond the common knowledge of the ordinary layperson, "the expert medical opinion as to that causal relation which the employee must obtain in order to prevail . . . has to be expressed in terms of probability, not mere possibility."  Patterson, supra.

The insurer's principal argument is that the administrative judge erred in awarding worker's compensation benefits because the employee failed to meet his burden of proof on the element of causation.  The insurer points to the evidence in the record that the employee worked regular shifts after his alleged hand injury and that the employee reported to a nurse practitioner

3

that he hurt his hand playing basketball. The insurer also points to the testimony of the medical doctor, Dr. Dolan, who, when questioned about the cause of the employee's injury, agreed that there was a possibility that the employee's hand sustained a minor injury pushing the cart and a more significant injury playing basketball. However, he opined that "I think it's probably more likely that there was a fracture sustained with the original injury that was aggravated significantly with the sports-related injury." Thus, the insurer argues that the employee failed to establish any medical opinion that the cart incident caused his injuries. We are not so persuaded.

The administrative judge credited the employee's testimony about the cause of the injury and specifically found that the employee's injury was caused at work, when the cart crashed into his hand, and not by playing basketball.[1] In making his findings of facts, the administrative judge evaluated the evidence presented as well as his "observations of the Employee, his demeanor as a witness and judging his veracity, as well as taking into account his age, education, training and work

---

[1] The employee testified, and the administrative judge believed, that he never told any health care provider that he injured his hand playing basketball. The employee explained that he could not open his hand after the injury, and that he was trying different remedies such as ice and rest. He testified that he told both the nurse practitioner and the doctor that he had attempted to "palm" a basketball to test his grip strength.

4

history."  "Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge."  Pilon's Case, 69 Mass. App. Ct. 167, 169 (2007).  In our view, the administrative judge was properly assessing the employee's credibility in making the finding that the employee's injury was caused at work.

As to the medical testimony, the administrative judge adopted the testimony of Dr. Dolan "in part" and to the extent that Dr. Dolan noted that the employee "was at work pushing a heavy cart when he jammed his hand into a stationary object." The administrative judge also accepted Dr. Dolan's medical opinion that the employee suffered a fracture of the fourth metacarpal bone of the right hand.

In this case, there is no doubt that the employee suffered a broken finger -- the issue is whether the employee proved that his injury was caused by the cart crashing into his hand while he was acting in his capacity as a flight attendant.  Here, the administrative judge's factual findings, in which he credited the employee's testimony that his injury was caused by the cart, provided the necessary factual predicate to support his choice to adopt the portion of Dr. Dolan's opinion that the physical injuries were likely caused by the cart crashing into his hand. An administrative judge may reject some or all of an expert's

5

testimony or "accept the medical testimony of one expert and . . . discount that of another." Fitzgibbons' Case, 374 Mass. 633, 636 (1978). See Amon's Case, 315 Mass. 210, 215 (1943).

Decision of reviewing board
    affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[2]),

Clerk

Entered:  November 12, 2025.

[2] The panelists are listed in order of seniority.